John L. Stuart and others *vs.* Erastus Corning and others·

The statute (Rev. Stat., tit. 1, § 51,) provides that all suits for or against a co-partnership may be commenced by the company name, and that the plaintiff shall have the right within the first three days of the term to amend the writ by inserting the names of the several persons composing such co-partnership.  A suit was commenced against " *E C, E C Jr*, and *J W*, partners under the name of *C W & Co.*"  Held that, under the statute, the writ could be amended in court by inserting the additional name of *G D* as a member of the co-partnership of *C W & Co.*

Assumpsit.  The defendants were described in the writ as follows :—" Erastus Corning, Erastus Corning, Jr., and John F. Winslow, partners in trade, doing business in Troy, in the state of New York, under the name and style of Corning, Winslow & Co."  The defendants pleaded in abatement the non-joinder of one Gilbert C. Davidson, who was averred in the plea to be a member of the firm.  Upon this the plaintiffs moved to be allowed to amend the writ, by inserting the name of Davidson as a co-defendant and member of the firm, and the question was reserved by the superior court for the advice of this court whether the amendment should be allowed.

The statute under which the right to make the amendment was claimed, is as follows :—" All suits for or against a co-partnership may be commenced by the company name of the plaintiffs or defendants ; and the plaintiff or plaintiffs shall

have the right, within the first three days of the court to which the writ is returnable, to amend the same, without cost, by inserting the names of the several persons composing such co-partnership." Rev. Stat., tit. 1, § 51. A later section provides for the mode of citing in parties as defendants on whom service had not been made.

*Hickox* and *Andrews*, in support of the motion to amend.

*O. S. Seymour*, with whom was *E. W. Seymour*, contra.

BUTLER, J. The statute of 1837, construed by the ordinary rules of interpretation, clearly authorizes the proposed amendment.

As the law then stood, unless all the partners were named in the writ, although the partnership was averred and the partnership name given, it was, so far forth, an imperfect writ and abatable. Such was the old law. It often happened that negotiable and other contracts, executed by or to co-partnerships in the company name only, came into the hands of other parties, to whom the names of the partners, or a part of them, and their residence were unknown, and if it became necessary to sue upon the contract their names or residence could not always be ascertained with certainty, so as to make a perfect writ, without inconvenient or prejudicial delay. Such was the mischief to be remedied. It was and is notorious that the cases where all the partners were unknown were comparatively few, for the name of the firm in most cases contained the name or names of one or more of the partners, and the most serious and important part of the mischief, and that which we may well suppose mainly induced the action of the legislature, was the difficulty of ascertaining who the unnamed partners, included in and by the abbreviation " Co.," were. No reason has been or can be given for supposing that the legislature intended to remedy the lesser part of the mischief only ; nor can we hold such to have been their intention without impugning their intelligence ; nor at all unless the language of the law is so explicit and exclusive as to preclude

us from looking to the old law and the mischief for assistance in discovering that intention.

Referring to the law of 1837 as it stood before the sections were distributed by the revisions in 1848, we find in the first section a general provision " that all suits for or against a co-partnership may be commenced by the company name of the plaintiffs or defendants ; " that is the remedy for the mischief, and there is nothing in the language used which is exclusive, or which requires that it should be by the company name *alone*, or which would render a writ abatable, which, like this, averred the existence of the co-partnership, and gave its name, and also the names of such of the co-partners as were known. But this alteration of the law, to be in harmony with its principles, required two other provisions, (viz,,) one authorizing an amendment of the writ by inserting the omitted names, and another providing for a notice to bring them into court. The first is found in another clause of the first section, and is in these words :—"and the plaintiff or plaintiffs shall' have right, within the three first days of the court to which the writ is returnable, to amend the same, without cost, by inserting the names of the several persons composing such co-partnership." The language of this provision is not exclusive. It is a clear authority to add the names, all of them, severally, and " *majus in se continet minus*," and therefore any number less than all. And it is obvious that if the defendants are right in their construction, that none of the names could be inserted originally unless all were, those which are may be stricken out as surplusage, and then the writ, as it avers the co-partnership, and its name, and a partnership debt, will be against the partnership alone, and all the names may be added at once. Clearly the construction claimed by the defendants is a strained and unreasonable one.

The second incidental provision made necessary by the general one is in another section, and *negatives* the claim of the defendants. It contemplates three contingencies : first, where the plaintiff voluntarily inserts the names of the partners in a writ brought against the co-partnership by the partnership name *alone ;* second, where the defendant or defend-

ants upon whom service has been made appear and plead the non-joinder of a copartner in abatement; and third, where they appear and make affidavit of that fact instead of pleading it. Presumptively an officer will serve and has served the writ on the persons, or some of them, named in it, and no others; and the provision for the second contingency implies that part are named in the writ, and therefore have been served and appear, and contemplates the precise case before us. That fact, and the further one, that if the defendants' claim is correct the provisions for the second and third contingencies are entirely superfluous, show conclusively that he is mistaken, and that the legislature intended to provide, and have provided expressly, for the case in hand.

Moreover the act is remedial and to be liberally expounded; and a liberal interpretation would permit the amendment.

For these reasons the amendment should be allowed, and we so advise.

In this opinion the other judges concurred.