JAMES C. AYER *vs.* DAVID C. GLEASON.

*Writ—amendment of.*

Neither the common law, nor the statutes of this State, allows the plaintiff, in an action of trover, to amend his writ by inserting the names of other plaintiffs.

Thus, where the defendant was summoned in action of trover to answer to ' James C. Ayer and ———, of,' etc. ' copartners under the style and firm name of James C. Ayer & Co.,' an amendment by inserting the names of the other members of the firm, is not allowable.

ON REPORT.

TROVER.

The writ, in the usual form, commanded the officer to summon the defendant to appear and ' answer unto James C. Ayer and ———, of,' etc., ' copartners in trade and doing business under the style and firm name of James C. Ayer & Co.,' etc.

At the March term, 1872, the plaintiff asked leave to insert the names of F. K. Ayer, A. G. Cook, and H. Ely, the other members of the firm, which was granted upon terms.

If this amendment was allowable, the case to stand for trial, otherwise plaintiff be nonsuit.

*S. F. Gibson*, for the plaintiff.

*W. W. Bolster*, for the defendant.

APPLETON, C. J. The defendant was summoned to answer to the suit of ' James C. Ayer and ——— ——— of Lowell, in the county of Middlesex and State of Massachusetts, copartners in trade and doing business under the style and firm name of James C. Ayer & Co., said company being established agreeably to law, and now is a legal company.' The names of the partners of Ayer were not inserted in the writ. The court, on the plaintiff's motion, permitted the writ to be amended by inserting the names of the several individuals constituting, with said Ayer, the firm of Ayer & Co. To this the defendant excepted.

Exceptions do not lie to the granting or the refusing of amendments legally allowable, but when an amendment not authorized by law is permitted, the party aggrieved may except therefor. *Newell* v. *Hussey*, 18 Maine, 249.

By the common law, amendments by striking out the names of existing plaintiffs or defendants, or by inserting those of new and additional ones, were not allowable in ' actions of assumpsit or on contracts.

In a writ of entry, an amendment by striking out the name , of one of the demandants was not allowed in *Treat* v. *McMahon*, 2 Greenl. 120. In assumpsit against two or more, the plaintiff was not permitted to amend by striking out the name of one of the defendants.. *Redington* v. *Farrar*, 5 Maine, 379. In actions on contract at common law, the names of new. plaintiffs or defendants cannot be added by way of amendment. *Winslow* v. *Merrill*, 11 Maine, 127. In an action by husband and wife to recover back usurious interest, the plaintiff was not permitted to amend by striking out the name of the wife. *Roach* v. *Randall*, 45 Maine, 438.

The common law, so far as relates to defendants, was changed by statute in 1835, c. 178, § 4, by inserting or striking out the names of the defendants. R. S., 1871, c. 82, § 11. But this provision has never been held to authorize any amendment of a similar character as to plaintiffs. *White* v. *Curtis*, 35 Maine, 534. This court cannot legislate, however desirable any particular legislation may be in their judgment upon the subject-matter of amendments.

In petitions for partition the petition may be amended, in certain cases, by striking out the names of the petitioners and inserting those of others. R. S., 1871, c. 88, § 11.

As the amendment in question was not allowable at the common law, and as the legislature have changed the law of amendments only as to defendants, the common law must be regarded as in force so far as it relates to plaintiffs, and consequently the amendment is not allowable.

Amendments, like the one granted in the present case, have been allowed in some of the States, but their allowance is placed upon special statutory provisions, by which they are authorized. *Stuart* v. *Corning*, 32 Conn. 105; *Pitkin* v. *Roby*, 43 N. H. 138. In the latter case the court expressly say that 'at common law, such amendments could not be made in actions of assumpsit.'

*Exceptions sustained.*

KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.