Deveau *v.* Skidmore.

———————•⊙•———————

THEODORE S. DEVEAU *vs.* PHILO P. SKIDMORE.

A writ in an action at law for damages is fatally defective if it contains no *ad damnum* clause.

And it does not suffice that the declaration shows that the plaintiff has sustained damage and furnishes the data for ascertaining the damage.

Such a case stricken from the docket as not showing any jurisdiction in the court.

COVENANT BROKEN, with counts for money paid, &c., brought to the Court of Common Pleas of Fairfield County. The writ contained no *ad damnum* clause, and the court (*Beers, J.,*) upon motion of the defendant ordered the case erased from the docket. The plaintiff filed a motion in error. The case is more fully stated in the opinion.

*G. Stoddard*, for the plaintiff.

*R. E. DeForest*, for the defendant.

PARDEE, J. The pleader sets forth in his declaration that the defendant conveyed a piece of land to the plaintiff by a deed in which he covenanted that the same was free from incumbrance, when in fact there were then upon it tax liens to remove which the plaintiff paid $277. Counts were added for $300 money had and received, money lent and advanced, &c.; but he omitted to insert the *ad damnum* clause. The writ was duly served, returned and entered upon the docket of the Court of Common Pleas, from which it was erased for want of jurisdiction apparent upon the record. The plaintiff filed a motion in error.

The rules of pleading require from a plaintiff, as a prerequisite to a judgment in his behalf, an allegation that he has suffered damage, together with his estimate as to the extent thereof. Conceding that this declaration furnishes foundation for the inference that the plaintiff has been injured to the extent of the money paid out, yet the pleader has not averred such to be the fact in language of which the court can take notice. Upon this point nothing is to be left to inference. Saying that the plaintiff has paid a sum of money which it was the duty of the defendant to pay, is not in pleading the equivalent for an allegation that he has suffered damage to a specified amount.

It is true that the sum named in the *ad damnum* clause is not that for which, if for any sum, the plaintiff is of necessity to have a judgment; it is subject to modification by a specific statement in the declaration, or by a bill of particulars filed by order of court; but in the total absence of the clause the plaintiff has failed to ask the court for a judgment for any sum; he has failed to aver that he has suffered a wrong which it is within the jurisdiction of the Court of Common Pleas to redress. There is no living thing into which to graft an amendment; he has failed to be in court at all.

There is no error in the judgment.

In this opinion the other judges concurred.