CELIA A. EATON *vs.* JOHN P. CASE, Administrator.

A plaintiff had leave to amend his declaration by filling out its *ad damnum* clause, and by inserting certain allegations in its counts. The trial proceeded as if the amendments had been made, but they were not in fact written in until after a verdict had been rendered.

*Held*, no reason for a new trial, nor for an arrest of judgment.

*Held*, further, that permission to make such amendments was properly given under Pub. Stat. R. I. cap. 210, § 5, of jeofails.

DEFENDANT'S petition for a new trial.

*Providence, July* 11, 1891. STINESS, J. After verdict for the plaintiff, the defendant petitions for a new trial, *first*, because the court allowed the plaintiff to amend his declaration by filling the *ad damnum* clause which had been left blank ; *second*, because the court allowed the plaintiff to amend the declaration by inserting an averment of the insolvency of the estate of which the defendant is administrator, and, *third*, because the plaintiff did not avail himself of said leave until after the verdict. The defendant also files a motion in arrest of judgment upon these grounds. His con-

tention is, that the absence of the *ad damnum* was fatal; citing *Hoit* v. *Malony*, 2 N. H. 322; and *Deveau* v. *Skidmore*, 47 Conn. 19. In both of these cases the defect was in the writ and not in the declaration. It was held that the process did not set forth a demand nor ask for judgment of any sum against the defendant, and hence did not set forth a cause within the jurisdiction of the court to which the process was returnable; such jurisdiction being limited by statutory provisions. The ground of those decisions was that, as jurisdiction must appear in the process, there was nothing in court upon which to graft an amendment, and hence it must be dismissed. In the later case of *Taylor* v. *Jones*, 42 N. H. 25, the court held that the *ad damnum* may be amended after verdict, when it is apparent from the declaration that it was left blank, or too small a sum inserted through mistake or inadvertence only; and if there has been a full and fair trial, without knowledge of the defect by either party, judgment may be rendered without a new trial; but if it does not appear that the defendant had no knowledge of the defect, the amendment may still be made, though a new trial must be granted to give him an opportunity to contest the enlarged demand. *McClellan* v. *Crofton*, 6 Me. 307, went further, by holding that the *ad damnum* clause in the writ, which had been left blank, might be amended, after verdict, by inserting a sufficient sum to cover the verdict. See, also, *Clark* v. *Herring*, 5 Binney, 33. In the present case the amendment was granted before the trial, and so the defendant had full opportunity to contest the amount claimed. We think the granting of the amendment was proper.

The second and third grounds of this petition may be considered together. Pub. Stat. R. I. cap. 210, § 5, is broad enough to permit amendment of pleadings, such as were allowed in this case, and it has been the uniform practice of our courts, under the statute, to allow amendments, under circumstances and upon terms which would aid in determining the merits of a case without detriment to the parties. The administration of justice would indeed be open to just criticism, if this could not be done. But the special objection urged is that the amendment was not in fact made until after the verdict. It was nevertheless permitted to be made; the scope of it was fully understood, and the trial went on as though it

had been made. The defendant suffered no injury by the delay, and was in no way prejudiced by it in his defence. It would be a strange perversion of justice to grant a new trial on these facts, simply because the amendment was not written into the declaration, when it was not looked at during the trial; for had it been looked at, its absence would have been discovered. Undoubtedly, it is better practice to have all the papers in a case completed and filed before the trial proceeds; but if they are not, and there is an understanding that a particular defect is to be amended and the trial goes on as if it were amended, it is too late, after having taken the chance of a verdict, to seek to set aside the verdict because the amendment had not been filed with the papers. In such a case parties waive their right to object by going on with the trial. But it is said there were no pleadings upon which a verdict could be rendered, and hence the trial was abortive. Cases of this sort frequently, and we may say too frequently, arise, but it is not considered that proceedings are invalidated because things agreed to be done and treated as done are not formally embodied in the papers until afterwards. In *Clark* v. *Delaware & Hudson Canal Co.* 11 R. I. 36, it was held that amendments to the declaration are considered as made at the time when the declaration was filed. In *Young* v. *Glascock*, 79 Mo. 574, leave was granted to amend an answer; but it was not done on the spot, and the trial proceeded on the understanding that it was to be done afterwards. On a motion in arrest or judgment the defendant offered to make the amendment then, but the Circuit Court refused to permit it on the ground that the answer, as it stood, was sufficient to warrant the judgment. The Supreme Court held that the amendment should have been allowed, and treated the case as if it had been made, affirming the judgment of the court below. *Horne* v. *Meakin*, 115 Mass. 336, was precisely similar to the case before us; where it was held that if the court allows an amendment, suggesting that the trial proceed and the amendment be filed afterwards, no objection to this course being made, it is too late, on exceptions, to object that the amendment was not filed until after verdict.

The defendant urges in his brief an agreement that the amendment should be made during the trial, which he supposed was done. The record as allowed does not show these facts; but if it did it

would only show more clearly that he was in no way surprised or injured either by the substance of the amendment or the time of its filing.

We see no reason for a new trial, and the petition is dismissed.

*Nathan F. Dixon, Charles Perrin & Sheffield Greene,* for plaintiff.

*Albert B. Crafts,* for defendant.