ROYAL P. SANFORD *vs.* CHARLES B. BACON.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Statutes allowing amendment of pleadings should be liberally interpreted.

General Statutes, Rev. 1902, § 643, provides that when the matter in demand is by mistake so stated that the court has no jurisdiction, it may allow the writ to be amended. *Held* that a writ demanding "$       damages" came clearly within the mischief which the statute was enacted to remedy, and was fairly included by its terms.

Under § 639 of the General Statutes, Rev. 1902, such an amendment may be made as of right within thirty days after the return day.

When a plea in abatement is based upon facts appearing of record, or upon undisputed facts, they should be so stated that the issue may be raised as one of law.

An appeal lies to this court from an order erasing a cause from the docket.

If, after a case is erased from the docket, the court gives permission to the plaintiff to move for its restoration and for a reargument of the question of law involved, and after a hearing denies such motion, the time for filing an appeal does not begin to run until the decision upon the motion.

Argued January 22d—decided March 4th, 1903.

ACTION upon the statute to recover damages for fraud in concealing property from attachment, brought to the City Court of New Haven, where the defendant filed a plea to the jurisdiction upon the ground that the complaint contained no *ad damnum* clause, and the plaintiff thereupon asked leave to amend; the court, *Dow, J.*, denied the motion, sustained the plea and dismissed the cause, and the plaintiff appealed. *Error and cause remanded.*

In this court the appellee filed a plea in abatement upon the ground that the appeal had not been seasonably taken. *Overruled.*

The case is sufficiently stated in the opinion.

*E. P. Arvine* and *Rufus M. Overlander*, for the appellant (plaintiff).

*J. Birney Tuttle*, for the appellee (defendant).

HALL, J. The complaint, containing several counts, alleged an indebtedness of the defendant to the plaintiff of $255, and that the defendant had concealed and conveyed away certain property and rights of action to prevent them from being taken on legal process.

The writ contained no other *ad damnum* clause than the words : "The plaintiff claims by force of the statute in such case provided $        damages."

Upon the defendant's motion the case was erased from the docket, upon the ground that the court had no jurisdiction of the action, and the court refused to allow an amendment, filed within thirty days after the return day of the action, showing the amount claimed in the *ad damnum* clause to be $400, upon the ground that the court had not the power to allow such amendment.

The cases of *Deveau* v. *Skidmore*, 47 Conn. 19, and *Denton* v. *Danbury*, 48 id. 368, are cited as sustaining the action of the court in refusing to allow the amendment. It was held in these cases that when it appeared from the *ad damnum* clause, or by the absence of an *ad damnum* clause, that the Court of Common Pleas —the jurisdiction of which was limited by the amount in demand—had no jurisdiction of the action, that court had no power to allow an amendment changing or stating the amount of damages demanded, so that it should appear that the court had jurisdiction of the cause of action. Whether the rule as thus stated could apply to the City Court of New Haven—the jurisdiction of which in all civil actions, both at law and equity, when any of the

parties reside in that city, is unlimited, excepting as to certain actions concerning land outside of the city limits—we need not decide, inasmuch as the law as enunciated in those cases has since been essentially changed by statute. *Deveau* v. *Skidmore* was decided in 1879, and *Denton* v. *Danbury* in 1880. In 1889 an Act was passed by the legislature which provided that "whenever in any civil action the claim for damages, or the value of the matter in demand, as alleged in the writ, shall by mistake be so stated that the court to which the suit is brought has no jurisdiction of the cause, such court may allow the writ to be amended as to such claim for damages, or value, so as to bring the cause within the jurisdiction of the court; *provided* the writ might have been drawn originally as so amended." Public Acts of 1889, p. 61, Chap. 110; General Statutes, Rev. 1902, § 643.

To say that the words "whenever . . . the claim for damages . . . by mistake be so stated that the court . . . has no jurisdiction," includes only those cases in which a sum below or above the jurisdictional limit of the court is claimed as damages, and not one in which the want of jurisdiction appears by a failure to state in the *ad damnum* clause the number of dollars claimed as damages, would be to put too strict and narrow a construction upon a remedial statute. Statutes allowing amendments should be liberally interpreted. *Stuart* v. *Corning*, 32 Conn. 105, 108.

The mischief of the common law which the Act was designed to cure was the want of power of a court to allow an amendment, when, by the absence, through mistake, of a proper statement of the claim for damages, or of the value of the matter in demand, it appeared that such court had no jurisdiction of the matter in controversy. This case comes clearly within the mischief sought to be remedied by the statute. The claim for damages is defective in the omission, by mistake, from the *ad damnum* clause, of the number of dollars claimed as damages. Assuming that by reason of such mistake the court had no jurisdiction of the cause of action thus defectively stated, the statute gave the court the power to allow the amendment.

As the amendment was allowable, and was filed within the first thirty days of the court, the plaintiff was entitled to make it as a matter of right. General Statutes, Rev. 1902, § 639; *Dunnett* v. *Thornton*, 73 Conn. 1, 14.

The defendant's plea in abatement to the plaintiff's appeal to this court, upon the ground that it was not taken in time, is overruled. Where such a plea is based upon facts appearing of record, or upon undisputed facts, they should be so stated that the issue raised may be one of law.

The facts pertinent to the plea in abatement are these: The judgment or order of the City Court erasing the case from the docket and disallowing the amendment, was rendered May 27th, 1902, and on the following day the plaintiff filed a notice of appeal. No further steps were taken by him toward perfecting his appeal until after the 23d of the following June. On May 31st the plaintiff, by permission of the court, placed upon the short calendar his motion to restore the case to the docket, and for a reargument of the question of the allowance of said amendment. On said 23d of June the court, having heard the parties, denied said motion. The plaintiff thereupon, on the 25th of June, filed another notice of appeal, and on the 27th of June filed a draft of finding. The trial judge filed a finding of facts on the 29th of September, 1902, and plaintiff filed his appeal on the 3d of the following October. An amended finding was filed by the judge on the 19th of November.

The plaintiff's motion to restore the case to the docket and for a reargument, having been thus entertained by the court, operated to defer the time for filing an appeal, under §§ 791, 792 and 793 of the General Statutes of 1902, until they were finally decided. *Beard's Appeal*, 64 Conn. 526, 535.

An appeal lies, under § 788 of the General Statutes of 1902, from an order directing a case to be erased from the docket. Such an appeal performs the offices of the old motion for a new trial, and motion in error. *White* v. *Howd*, 66 Conn. 264, 266. An order directing the erasure of a case

from the docket was reviewable on a motion in error. *Wood-ruff* v. *Bacon*, 34 Conn. 181, 185.

The City Court erred in refusing to allow the amendment filed by the plaintiff, and the case is remanded to that court to be proceeded with according to law.

In this opinion the other judges concurred.