MARY VINCENT vs. THE MUTUAL RESERVE FUND LIFE
ASSOCIATION.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, Rev. 1902, § 821, provides that before a writ of error
is issued a " bond with surety " for prosecution of the suit shall be
taken. *Held :* —
1. That a recognizance was a "bond " within the meaning of the stat-
ute.
2. That the certificate or memorandum at the foot of the writ, reciting
that a certain named person—who was admittedly a substantial
inhabitant of this State—was " recognized in the sum of $50 to pros-
ecute," imported, in legal effect, that the plaintiff in error was the
principal, and the person named was a surety, in the recognizance
as actually taken ; and therefore such a bond complied with the
statute requirement.
It has never been the practice to set out at length in the writ the bond
given for prosecution, a brief note or memorandum thereof always
having been deemed sufficient.
A writ which contains no so-called *ad damnum* clause, or formal claim
for damages, is amendable, as matter of right, within thirty days
after the return day, provided the writ, as amended, might have
been so drawn originally.

Argued April 15th—decided June 10th, 1903.

WRIT of error to reverse an order of the Superior Court
in New Haven County (*Ralph Wheeler, J.*) erasing a cause
from the docket of said court. The defendant in error filed
a plea in abatement, on the ground that no bond with surety
for the prosecution of the writ had been taken at the time
the writ was issued; to which plea the plaintiff demurred.
By consent the case was heard at the same time upon the
demurrer and upon the merits. *Demurrer sustained and plea
in abatement overruled; order of erasure reversed, and cause
remanded.*

*Charles S. Hamilton,* for the plaintiff.

*James H. Webb,* for the defendant.

TORRANCE, C. J.    The demurrer to the plea in abatement will be first considered.   The only entry upon the record with regard to the taking of a bond for the prosecution of the writ of error was the following memorandum on the writ: "Charles S. Hamilton of New Haven is recognized in the sum of $50 to prosecute."   The statute (Rev. 1902, § 821) provides that the authority signing a writ of error "shall, before its issue, take good and sufficient bond, with surety, that the plaintiff in error shall prosecute his suit to effect, and answer all damages if he fail to make his plea good." The plea in abatement alleges, in substance, that when the writ of error in this case was issued no bond was taken other than such a bond as is indicated by the certificate or memorandum in relation to that matter noted upon the writ, and that such a bond does not comply with the requirements of the statute.   The ground of the demurrer is, in substance, that the plea admits the truth of the facts stated in the certificate or memorandum, and that in so doing the plea admits that a proper recognizance, and therefore a proper bond, was taken when the writ issued.   The decision of the question presented by the demurrer turns upon the construction of the certificate.

The certificate states, not that a bond, but only that a recognizance was taken; but a recognizance is a bond within the meaning of the statute above recited.   *New Haven* v. *Rogers*, 32 Conn. 221 ; *Lovejoy* v. *Isbell*, 70 id. 557.   The plaintiff in error contends that the certificate imports that a bond with surety was given, while the defendant in error contends that its import is that a bond without surety was given; so that the only dispute between the parties is whether the certificate imports that the bond given was with, or without, surety.

The certificate is in the form permitted by statute to be used in writs of summons or attachment, where a bond for prosecution is required by statute, for noting the fact that such a bond has been taken.   In such writs the fact that such a bond was taken may be noted on the writ in the statutory form, or in ".words to that effect."   Rev. 1902, § 715.

In such writs, under certain circumstances, the recognizance required is either (1) that of the plaintiff as principal with some substantial inhabitant of the State as surety, or (2) that of some substantial inhabitant of the State alone; Rev. 1902, § 714; and the statutory form of noting upon the writ the fact that a recognizance was taken, imports that one or the other of these forms of recognizance was used, but does not indicate which was in fact used. Such a certificate is at least *prima facie* evidence, and, when the facts stated in it are admitted, is conclusive evidence that a recognizance in one or the other of these forms was taken; and the short certificate may be expanded into the full and formal recognizance, of the form actually taken, whenever it becomes necessary to do so. *Watson* v. *Watson*, 9 Conn. 140, 145; *Gregory* v. *Sherman*, 44 id. 466; *Bradley* v. *Vail*, 48 id. 375.

Where our statutes merely require that a bond for prosecution shall be taken on the issue of a writ of any kind, it has never been the practice to set out the bond in the writ; it has always been deemed sufficient to note briefly upon the writ the fact that such a bond had been taken. HOSMER, C. J., in *Watson* v. *Watson*, 9 Conn. 140, 145. This practice has been followed in cases of writs of error, as may be seen from the many cases of that kind scattered through our reports, one example of which is seen in the case of *Ripley* v. *Merchants' National Bank*, 41 Conn. 187.

We will assume, without deciding, that a writ of error is not a writ of summons or attachment, within the meaning of § 715. Upon that assumption no statutory form, permissive or otherwise, for noting upon the writ of error the fact that a bond was taken, exists; but the general practice in such cases has been to follow the form used for that purpose in cases of writs of summons and attachment. Where that is done, as in the case at bar, we think the certificate should receive the same construction as if it were contained in a writ of summons or attachment. In this view of the matter the certificate here in question imports either (1) that the plaintiff as principal, and some substantial inhabitant of the State as surety, became bound, or (2) that some substantial in-

habitant of the State alone became bound. If the recognizance actually was in the first of the above forms, then it is clear that it fully complied with the statute (Rev. 1902, § 821) requiring a bond with surety to be taken on the issue of the writ of error. It remains to determine whether, if the recognizance noted was taken in the second of the above forms, it would be, equally with the first, a compliance with the statute. The certificate shows that the recognizance was entered into by an inhabitant of this State, and one not a party to the suit, and no question is made about his being a substantial inhabitant. The certificate, upon this view of it, imports that a substantial inhabitant of this State entered into a bond for the prosecution of the writ of error; and this means that, in effect, the plaintiff in error is the principal in that recognizance, and that the substantial inhabitant is a surety. " In 1875 the legislature passed the Act (Rev. 1902, § 714) which now enables a bond for costs to be given either by the plaintiff with surety, or by the surety without the plaintiff. Public Acts of 1875, p. 24. The effect of this Act was to treat a bond by the surety as the equivalent of a bond by the plaintiff with surety." *Lovejoy* v. *Isbell*, 70 Conn. 557, 560. The bond for prosecution of a writ of error, taken in either of the forms aforesaid, furnishes the defendant in error substantially the same security, and the difference between them is practically of no importance. We think the certificate in the case at bar, in either of these two views of it, imports, in legal effect, that such a bond with surety was taken, when the writ was issued, as the law requires; and that consequently the demurrer to the plea in abatement must be sustained and the plea overruled.

Upon the merits of the case at bar the principal question is whether the court below erred in holding that it had no jurisdiction of a certain cause brought before it by the plaintiff in error against the defendant in error.

It appears from the record that said cause was brought before the Superior Court in New Haven county, in April, 1901. The complaint in that case alleged, in substance, (1) that the defendant therein was a life insurance company

duly empowered to issue the life insurance policy set out in the complaint; (2) that in February, 1901, the defendant, in consideration of certain sums of money as premiums paid and agreed to be paid by the plaintiff to the defendant, made and delivered to the plaintiff its policy of insurance upon the life of one Ann Murphy, the mother of the plaintiff, thereby insuring the life of Ann Murphy in the sum of $1,000 payable to the plaintiff, under the conditions set forth in the policy; (3) that said Ann Murphy, while said policy was in full force, died in March, 1900; (4) that the plaintiff and Ann Murphy had fulfilled all the conditions of said policy on their part to be kept and performed, and that due proof of said death had been made according to the requirements of the policy; (5) that the amount of said insurance had not been paid. The complaint contained no formal claim for damages, nor any clause whatsoever commonly known as the " *ad damnum* " clause.

Within the proper time the defendant in said cause filed in the court below a plea to the jurisdiction, and also a motion to erase the cause from the docket, both based upon the want of any claim for damages, or *ad damnum* clause in the complaint. On the next day after said plea and motion were filed and within thirty days after the return day, the plaintiff filed an amendment to her complaint in which, after the last paragraph of the complaint, she inserted the following: "The plaintiff claims fifteen hundred dollars ($1,500) damages." On motion the court expunged this amendment and then erased the case from the docket, on the ground that, for want of a claim for damages in the complaint, the court had no jurisdiction of the cause and no power to allow the amendment offered.

In so doing the court below undoubtedly, and naturally enough, felt bound by the decision in the case of *Deveau* v. *Skidmore*, 47 Conn. 19, and other cases of that kind in our reports. We think, however, that the case at bar, upon the point now in question, cannot be distinguished from the case of *Sanford* v. *Bacon*, 75 Conn. 541, and that the decision in that case must govern in this. In that case the complaint as-

Vincent v. Mutual Reserve Fund Life Asso.

serted that the plaintiff made a claim, but it failed to state the thing claimed; the claim as stated was in effect no claim; the plaintiff in effect demanded nothing, because he failed to state what he demanded. In cases where jurisdiction does or may depend upon the amount stated in the claim or *ad damnum*, there is no difference between failing to state what you claim and making no claim at all; the effect is the same for all practical purposes.

The facts in the case at bar, upon the point now under consideration, are substantially like the facts in *Sanford* v. *Bacon*, 75 Conn. 541. In that case we held that the law as enunciated in *Deveau* v. *Skidmore* was essentially changed by the statute; that the statute (Rev. 1902, § 643) applied to cases where no claim is stated as well as to cases where a sum below or above the jurisdictional limit of the court is claimed as damages; and that under this statute the court had power to allow the writ or complaint to be amended so as to bring the cause within the jurisdiction of the court, if the writ might have been drawn originally as so amended. For the reasons given in that case we think the court below, in not allowing the amendment offered, and in ordering the cause erased from the docket, committed an error, for which said order must be reversed.

The demurrer to the plea in abatement is sustained, and the plea is overruled.

There is error, the order erasing the cause from the docket of the Superior Court is reversed, and the cause remanded to that court to be proceeded with in the manner provided by law.

In this opinion the other judges concurred.