IN RE APPLICATION OF FREDERICK H. DALAND.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An unsuccessful motion to reopen a final judgment, which is not made
   until long after the time has expired within which a notice of ap-
   peal and a request for a finding of facts can lawfully be filed,
   does not extend the time therefor, nor impose any obligation upon
   the trial judge to make such finding; although had the motion to
   reopen been filed before the expiration of the time for giving such
   notice and filing such request, it might have operated to extend
   the time therefor.
The cases of *Beard's Appeal*, 64 Conn. 526, and *Sanford* v. *Bacon*, 75
   Conn. 544, distinguished.

Argued June 16th—decided August 3d, 1908.

APPLICATION to this court for an order directing the
*Hon. Albert Mc. Mathewson,* judge of the City Court of
New Haven, to make and file a finding of facts in a cause
tried in said court, and from the judgment in which the
applicant desired to appeal.    *Application dismissed.*

*Ernest L. Averill,* for the applicant, Frederick H. Daland.

*Thomas Hooker, Jr.,* with whom was *Leonard M. Dag-
gett,* for Edward F. Smith, receiver.

HALL, J.   This is an application similar to that con-
sidered in *Clark's Application,* 79 Conn. 136, 64 Atl. 12,
made under § 792 of the General Statutes as amended in
1905 (Public Acts of 1905, p. 286, Chap. 58), which pro-
vides that in case a trial judge shall refuse or neglect to
make a finding of facts in any action, as he is required to
by said section, "the supreme court of errors shall upon
application of any party to said action made in any judicial
district in which said court may be in session, order said

judge to make and file such finding within such time as said court shall fix."

The application alleges these facts: On the 11th of February, 1908, the City Court of New Haven, *Mathewson, J.*, presiding, rendered judgment against this applicant in a proceeding pending in said court in connection with an action entitled Harry V. Richards *et al. vs.* The Edward F. Smith Company, in which a receiver had been appointed. The proceeding was a hearing upon a claim presented by this applicant as a creditor of said Smith & Company, the allowance of which was opposed by the receiver, and during which many rulings upon evidence, and upon other questions of law, were made against this applicant. On the 20th of March, 1908, the applicant requested the court to reopen the judgment so rendered on the 11th of February, which motion was heard and denied by said judge on said day. The applicant thereupon, on said day, filed a notice of appeal, and within two weeks thereafter a request for a finding of facts and a draft-finding. The judge refused to make a finding of facts, and the applicant is therefore unable to take an appeal to this court for the purpose of obtaining a review of the rulings made by the court during the trial of said action.

The defendant receiver has filed a motion to dismiss the application, alleging, as the grounds thereof, that it appears from the application itself that final judgment was rendered on the 11th of February, 1908, and that the applicant filed no notice of appeal, or request for a finding, within the time fixed by statute.

This motion is in effect a demurrer to the application. It was so treated by counsel in the argument, and will be so regarded by us.

The argument of the applicant is that his motion to open the judgment on the 20th of March, and the action of the court thereon on that day, operated to extend the

time for filing a notice of appeal and a request for a finding of facts until after that date (§§ 790 and 793 of the General Statutes required the former to be filed within one week, and the latter within two weeks, after the rendition of judgment), and in support of his claim he cites *Beard's Appeal*, 64 Conn. 526, 30 Atl. 775, and *Sanford* v. *Bacon*, 75 Conn. 541, 54 Atl. 204.

In both of those cases there were pleas in abatement to the appeals allowed by the trial court, upon the ground that they were not seasonably taken. In the former, the facts were, that six days after the final judgment erasing the case from the docket the appellant filed a written motion to restore it, which was heard and denied two days later, when the trial court extended the time for filing notice of appeal one week, and both the notice of appeal and the appeal itself were filed within the extended time. We held that the extension was properly granted, and said further: "Where a motion or petition for a rehearing is deemed by the court, to which it is presented, of sufficient importance to be reserved for future argument, and is not disposed of within ten days from the rendition of the original judgment, it would be unreasonable to require the moving party to proceed meanwhile to file a notice of appeal, or an appeal, in the ordinary course." In *Sanford* v. *Bacon* the notice of appeal was filed the day after the final judgment erasing the case from the docket was rendered, May 27th, 1902. The motion to restore, which, in view of the action of the court thereon, we held operated as an extension of the time for filing the appeal, was filed May 31st, and was denied June 23d, and the draft-finding was filed June 25th. In both cases, it will be observed, the motions which were held to extend the time for taking a necessary step in perfecting an appeal, were made before the statutory time for taking such step had expired, and were not decided until after it had expired.

In the present case neither the action of the court upon

the motion to open the judgment, nor the filing of such motion, furnished any reason for the applicant's delay in filing his notice of appeal, or his request for a finding. The court apparently entertained the motion no further than to immediately deny it, and the applicant's right to file a notice of appeal and a request for a finding had expired several weeks before the motion to open the judgment was made. Had the motion been granted, the applicant might have appealed from a subsequent adverse judgment.

While such a motion, and the consideration of it by the court, may operate, even when denied, to extend the time for the exercise of existing rights relating to the taking of an appeal, it will not, in such case, serve to revive rights which were lost before the motion was made.

The trial judge was not required to make the finding of facts requested, and the application is dismissed.

In this opinion the other judges concurred.