THE FARLEY-HARVEY COMPANY *vs.* WILLIAM J. MADDEN.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 18th—decided June 18th, 1928.

*Charles S. Hamilton,* for the plaintiff in error.

*John F. McDonough,* for the defendant in error.

MALTBIE, J. The defendant pleads in abatement to the writ because the attorney for the plaintiff was recognized by the authority signing it for the costs of its prosecution. In the closely analogous case of appeals to this court, the practice of recognizing the at-

torney who represents the appellant for the costs of the prosecution is general, and, so far as we know, has never been questioned. In *Vincent* v. *Mutual Reserve Fund Life Ins. Asso.*, 75 Conn. 650, 653, 55 Atl. 177, while the precise question before us was not raised, a recognizance upon a writ of error by the attorney for the plaintiff was approved; and in our rule, which forbids an attorney to enter into a recognizance in a writ which he himself signs, there is an implication that he may be recognized in such a writ where another signs it. Practice Book, p. 279, §162. Even in those jurisdictions where an attorney is forbidden by statute or rule of court to enter into such a recognizance, the fact that he has done so is not regarded as sufficient ground to abate the writ, unless the rule or statute so prescribes. 6 Corpus Juris, 618. The plea in abatement is overruled.

The complaint in the original action was adapted to a recovery based upon the fraudulent concealment or conveyance of property in order to avoid an attachment, under the provisions of §6142 of the General Statutes, and it alleged as a necessary element of the cause of action an indebtedness of the defendant to the plaintiff. In its memorandum of decision the trial court stated that it found the defendant to be indebted to the plaintiff, but could not find facts which would bring the case within the section of the General Statutes to which we have referred. When the judgment-file was drawn it accordingly found the issues for the plaintiff "except that it finds that the plaintiff has not sustained the burden of proof with respect to the allegations of fraud made in said complaint," and directed judgment for the plaintiff to recover the amount of the debt found due. The plaintiff moved the trial court to strike out from the judgment-file the words quoted, but the motion was denied and it

now seeks to accomplish that result by this writ of error. The effect of striking out these words would be to leave a finding of all the issues for the plaintiff, with the right to proceed against the body of the defendant under the statute. Obviously the decision of the trial court went no farther than to sustain the plaintiff's claim of an indebtedness owed to it by the defendant but found against its further claim of a concealment or conveyance of assets in fraud of his creditors. To make the correction now sought would be, not to cause the judgment-file correctly to accord with the decision of the court, but to accomplish a result directly at variance with that decision. This of course cannot be done.

There is nothing erroneous; let the defendant recover his costs in this court.

In this opinion the other judges concurred.