HELEN V. EGAN
*vs.*
H. L. GREEN COMPANY ET AL.

Court of Common Pleas      Judicial District      File No. 7973
of Waterbury

# MEMORANDUM FILED FEBRUARY 14, 1941.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Plaintiff.

*Carmody, Larkin & Torrance,* of Waterbury, for the Defendants.

McDONOUGH, J. The application to file this demurrer is granted. In this action the plaintiff originally brought a suit against two defendants, naming one as William Shore, doing business as Everybody's Market. The action is one at common law based on negligence. Subsequently, the plaintiff discovered that the defendant ought to be described as William Shore, Incorporated. Plaintiff filed her motion that William Shore be dropped as a party and William Shore, Incorporated be named as defendant in his stead. This motion was granted and on November 1, 1940, service of process was then made upon William Shore, Incorporated, making the latter a co-defendant. This latter service was made on William Shore, Incorporated more than one year after plaintiff's cause of action arose.

The plaintiff claims the original service was made through error and mistake, and that William Shore was in fact an executive officer of and principal stockholder in the defendant, William Shore, Incorporated, and that inasmuch as the corporation knew of the litigation by virtue of the service on William Shore (on July 2, 1940), the corporation could not be prejudiced by the erroneous description.

The defendant, William Shore, Incorporated, filed a second

special defense to the plaintiff's complaint, as amended, setting up that the complaint was served upon the defendant, William Shore, Incorporated, more than one year after the cause of action as alleged in said complaint arose.

The plaintiff in reply to this special defense admits the allegations contained in the second special defense, but sets forth that on October 23, 1940, plaintiff filed a motion to substitute this defendant in lieu of William Shore, individual, and that the latter be dropped as a party defendant, in accordance with the statute; that the motion was granted on November 1, 1940, and service of process was thereafter made upon William Shore, Incorporated, as a codefendant; that in the writ and complaint in the original action and service thereon William Shore, Incorporated, was incorrectly characterized as William Shore through a mistake; that the service of the process in the action was in fact made upon William Shore (the principal stockholder and executive head of the present codefendant, William Shore, Incorporated) within one year after the cause of action as alleged in the complaint arose.

To this reply the defendant, William Shore, Incorporated, demurs and sets up that it does not appear that the plaintiff had judgment rendered against her in the action against William Shore individually and that therefore the plaintiff did not satisfy the requirements of section 6025 of the General Statutes, Revision of 1930, in suing this defendant.

In the briefs the parties laid stress on the question as to how the statute of limitations may affect the pending action against this defendant, William Shore, Incorporated. From the special defense and the demurrer thereto it seems to me the question before the court is on the construction to be given to section 6025, *supra,* as this is the issue raised by the demurrer. Section 6025, *supra,* reads as follows: "When a plaintiff in any civil action shall have failed to obtain judgment by reason of failure to name the right person as defendant therein, such plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in such new action shall be made within one year after the termination of the original action; and, if service of process in such original action shall have been made upon an agent of the defendant named in the new action, or if the defendant in the new action be a corporation and service in

the original action shall have been made upon an officer or agent of such corporation, notice of any claim for damage shall be sufficient if given in such original action, pursuant to statutory provisions, to any officer or agent of the defendant in such new action."

If the plaintiff's contention as to this statute is correct then the statute of limitations is no longer an issue.

It seems to me that the question to be decided is: When has a plaintiff in any civil action failed to obtain judgment, or, what action on the part of the plaintiff or the court is necessary to establish the failure to obtain such judgment; must the party proceed to formal entry of judgment against him?

The plaintiff on this point contends that section 5541 of the General Statutes, Revision of 1930, ought to be considered as bearing on the question even though the demurrer refers specifically to section 6025, *supra,* so we will consider this question as connected with the plaintiff's right to amend. Section 5541 provides in part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition....at the discretion of the court...." It does seem that the plaintiff in originally naming William Shore, an executive officer and principal stockholder in William Shore, Incorporated, as a defendant, could readily make the mistake that was made in this case. This mistake was a mere defect in description of the proper defendant. Our statutes allowing amendments to pleadings are to be liberally construed. *Sanford vs. Bacon,* 75 Conn. 541.

In view of the fact that the original defendant, William Shore, was an officer of William Shore, Incorporated, upon whom process could be served, and the principal stockholder of this defendant corporation, the language employed in the case of *World Fire and Marine Ins. Co. vs. Alliance Sandblasting Co.,* 105 Conn. 640, seems to be applicable. The court in that case says, in substance, that the identity of the defendant was originally and at all times the same in the mind of the plaintiff and the entity is one and the same whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); its name is the same and its liability is the same and enforceable by the same remedies. The plaintiff's mistake was not as

to the entity itself, not as to the party sued, but in describing what kind of an entity the defendant was. In that case the plaintiff misdescribed the party not in respect to name but solely as to status as being an artificial rather than a personal entity.

The converse is true in the case at bar. The plaintiff sued the proper party but misdescribed that party as to status as being a personal entity rather than an artificial one. This misdescription in the original writ was merely a misnomer or defect and not an entire change of party.

*Apropos* to this question the court might state that while in the original answer of both defendants (in one answer in-corporated) there was a general denial, yet, as to the defendant, William Shore, Incorporated, its answer to the amended com-plaint states that paragraphs 2 and 3 of the amended complaint are admitted. Paragraph 2 of the amended complaint states that the defendant, William Shore, Incorporated, was a sub-lessee or operator and in control of so much of said store as was connected with the vegetable and grocery department thereof, on the South Main Street level, and the basement of said store; and paragraph 3 states that in connection with said store the defendants maintained an entrance to the vege-table and grocery department thereof on South Main Street with a stairway leading from the South Main Street level to the canned goods department located in the basement of said store. It is obvious that the plaintiff intended to bring her action against the lessor and sublessee of the premises in ques-tion who were maintaining and controlling them. This the counsel who filed the answers for the defendants must have understood and they could not escape the imputation of knowl-edge that these premises were in fact occupied by the H. L. Green Company and William Shore, Incorporated. They took such steps in the action as has been outlined and must, for some time at least, have had knowledge of the misnomer of this particular defendant in the original writ. Notwithstand-ing they raised no objection to the misnomer until some time after it was discovered by the plaintiff. The amendment to the writ in this matter had no greater effect than inserting after the name of William Shore in the original process the word "Incorporated" and this would have accomplished the same result as the amendment offered. Under these circum-stances the situation is one where the parties who should have

been sued really appeared and defended, although ostensibly another party was named, and therefore a motion to cite in merely accomplished the effect of inserting the word "Incorporated." *Motiejaitis vs. Johnson,* 117 Conn. 631, 637.

As to section 6025, *supra,* I think that when the plaintiff in this action discovered the mistake and took immediate steps to remedy the same by filing her motion to drop the defendant, William Shore, as an individual and amended her written complaint by inserting therein the name, William Shore, Incorporated, there was a failure to name the right person as defendant and a failure to obtain judgment within the meaning of the statute. Section 6025 would have to be strictly construed (contrary to our law) to sustain the contention of this defendant that the plaintiff was compelled, before coming within the provisions of section 6025, to have an adverse judgment rendered against her. A plaintiff need not go through the motions of a trial to judgment after discovering that no actual judgment may be rendered against a misnamed party if appropriate steps are taken to drop the wrong party and obtain judgment thereon and for permission to cite in the correct party. It cannot be that the time of the courts, juries, witnesses, counsel, and the great expense and crowding of the court dockets, is necessary after one discovers the mistake in naming the wrong party as a defendant, against whom a judgment may not be secured. Technicalities sometimes serve a useful purpose but in this instance would completely thwart the functional utility of this section.

I am convinced that the plaintiff by her motion to amend to insert the proper defendant, did in effect admit to a judgment rendered against her for failure to name the right person as defendant in the original writ, and that therefore there has been a compliance with the terms of the statute.

No injustice can be done this defendant by allowing the whole matter to be passed upon by the trier after a hearing on all the facts, for these questions will then be decided in the same manner as other elements of the case.

For all of the reasons stated the demurrer ought to be and it is overruled.