## LUCILLE LEVY v. JERRY S. LEVY

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 50260

Memorandum filed May 27, 1949.

*Mead & Mead,* of Stamford, for the Plaintiff.

*Sidney C. Perell,* of Stamford, for the Defendant.

FITZGERALD, J. Defendant moves to erase the case from the docket for want of jurisdiction on the ground that the com-plaint contains no ad damnum clause. It appears that the com-plaint in its original form does not contain such clause and that at an earlier date defendant filed a plea in abatement on the same ground as the now interposed motion. On March 23, 1949,

the court (*Swain, J.*) overruled the plea as not being the proper method of approach and observed that "It would seem wise that the ad damnum be amended and that the court be asked to render a judgment for the amount of the debt found due the plaintiff on the judgment of the New York court." Thereafter plaintiff filed such an amendment asking for damages in the amount of $1779 and defendant moves to erase the case as stated.

At common law an action based on a writ containing no ad damnum clause was considered fatally defective and required being erased from the docket for want of jurisdiction. See *Deveau* v. *Skidmore*, 47 Conn. 19. By statute the rule of the common law has been relaxed. See discussion in *Sanford* v. *Bacon*, 75 Conn. 541, and *Vincent* v. *Mutual Reserve Fund Life Assn.*, 75 Conn. 650. The statute is now General Statutes, § 7854, Revision of 1949. A quotation from the *Vincent* case (p. 655) is in order: "In that case [*Sanford* v. *Bacon*] we held that the law as enunciated in *Deveau* v. *Skidmore* was essentially changed by the statute; that the statute . . . applied to cases where no claim is stated as well as to cases where a sum below or above the jurisdictional limit of the court is claimed as damages; and that under this statute the court had power to allow the writ or complaint to be amended so as to bring the cause within the jurisdiction of the court, if the writ might have been drawn originally as so amended."

Since the plaintiff has acted upon the observation of Judge Swain, in the nature of a suggestion, by amending her complaint so as to contain a specific ad damnum clause within the jurisdictional limits of the court, the interposed motion must fail.

Motion denied.