[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action was commenced by a writ, summons and complaint dated January 17, 1990. At the time the action was commenced the plaintiffs were granted an attachment in the amount of $30,000.00. The original complaint did not CT Page 9193 contain a separately stated prayer for relief. However it is evident from the body of the complaint that the plaintiffs are seeking to recover amounts they paid to the defendant under a contract to purchase real estate. The original complaint did contain a statement that the amount in demand was in excess of $15,000.00.
The defendant Jan Felber filed a Request to Revise dated May 1, 1990. She did not request that the plaintiff add a prayer for relief.
More than two years after the action was commenced the defendant Jan Felber moved to dismiss on the grounds that the failure to contain a prayer for relief deprived the court of jurisdiction. The defendant relies on Deveau v. Skidmore, 47 Conn. 19, 20, A. (1879) in which the court held that the complaint was subject to dismissal because the plaintiff "failed to aver that he suffered a wrong which was within the jurisdiction of the Court of Common Pleas to redress." At the time Deveau was decided Connecticut had a Court of Common Pleas and a Superior Court. The jurisdiction of the Court of Common Pleas was limited to cases involving damages which could not exceed a certain dollar amount.
On July 1, 1978, the Superior Court became the sole defendant under a contract to purchase real estate. The original complaint did contain a statement that the amount in demand was in excess of $15,000.00.
The defendant Jan Felber filed a Request to Revise dated May 1, 1990. She did not request that the plaintiff add a prayer for relief.
More than two years after the action was commenced the defendant Jan Felber moved to dismiss on the grounds that the failure to contain a prayer for relief deprived the court of jurisdiction. The defendant relies on Deveau v. Skidmore, 47 Conn. 19, 20, A. (1879) in which the court held that the complaint was subject to dismissal because the plaintiff "failed to aver that he suffered a wrong which was within the jurisdiction of the Court of Common Pleas to redress." At the time Deveau was decided Connecticut had a Court of Common Pleas and a Superior Court. The jurisdiction of the Court of Common Pleas was CT Page 9194 limited to cases involving damages which could not exceed a certain dollar amount.
On July 1, 1978, the Superior Court became the sole court for all causes of action in Connecticut except for actions in which the Probate Court had original jurisdiction. The Superior Court now has jurisdiction of all matters, regardless of the dollar amount of damages claimed. Therefore, the circumstances of Deveau no longer apply.
It is obvious from the original complaint and all subsequent complaints that the plaintiffs are seeking money damages, relief which is clearly within the jurisdiction of the Superior Court.
The plaintiffs filed a Request for Leave to Amend Complaint dated May 21, 1992. The offered Amended Complaint contains a Prayer for relief on a separate page.
175 and Connecticut Gen. Stat., 52-128 permit plaintiffs to "amend any defect, mistake or informality in the writ, complaint or petition." The Connecticut Supreme Court recognized the trial court's discretion to liberally grant requests to amend complaints, even "belated amendments", where there is no sound reason to deny such a request. Lawson v. Godfried, 435 A.2d 15, 16, 181 Conn. 214,216 (1980); Crowell v. Middletown Sav. Bank,189 A. 172, 122 Conn. 362 (1937). The defect complained of by the defendant can and should be cured by the Amended Complaint.
For the foregoing reasons, the Motion to Dismiss is denied.
Aurigemma, J.