## CATHARINE C. STILES'S APPEAL FROM PROBATE.

The statute, (Gen. Statutes, tit. 1, sec. 95,) which provides that in any *action* pending in the Superior Court, if either of the parties shall die, his executor or administrator may enter and prosecute or defend the suit, applies to appeals from decrees of courts of probate.

APPEAL from a decree of a court of probate refusing to accept and admit to probate a document purporting to be the last will of Thomas A. Stiles, deceased. While the appeal was pending in the Superior Court the appellant died, and her administrator moved to be allowed to enter and prosecute the appeal. The appellees at the same time filed a written motion that the appeal abate and be dismissed on account of the death of the appellant, and denied the right of her administrator to enter. The court (*Sanford, J.,*) dismissed the appeal, and the administrator of the appellant brought the record before this court by a motion in error.

*E. W. Seymour* and *Hardenbergh*, for the plaintiff in error, cited Gen. Statutes, tit. 1, sec. 95; id., tit. 11, sec. 88; Bouvier's Law Dict., *Action, Appeal,* and *Plea;* Stephen Pl., 38, 39; 3 Coke Inst., 348.

*G. C. Woodruff* and *Graves*, with whom was *D. J. Warner,* for the appellees, cited *Perry* v. *Perry*, 1 Root, 203; *Gray* v. *Webb*, 2 id., 257; *Woodward* v. *Skolfield*, 4 Mass., 375; Bouvier's Law Dict., *Action;* Gen. Statutes, tit. 1, secs. 95, 126; id., tit. 11, secs. 18, 20.

PHELPS, J. The sole question raised in the record and discussed before us is, whether the words " any action," as used in section 95, chapter 6, of title 1, of the General Statutes, revision of 1866, include an appeal from a decree of a court of probate refusing to accept and admit to probate the last will of a deceased testator. This, in the absence of precedents, and of practical exposition, depends upon whether a technical construction is given to the words in question.

Courts of probate are tribunals with limited jurisdiction and powers. Their authority is strictly statutory, and the mode by which all issues involving the validity of their decrees are to be heard and determined is prescribed by the legislature. If therefore we are to hold that the section referred to is limited to common law proceedings the appeal in this case was rendered ineffectual and void by the subsequent decease of the appellant, and her administrator cannot enter and further prosecute the appeal.

These courts have existed as a material part of our judicial system from a period anterior to the earliest reports of adjudged cases in this state, and a large part of the most important litigation in our higher courts originates with them. Appeals from their decrees are so common, and the questions involved in them often of such great pecuniary magnitude, that the legislature may very properly have intended to embrace them in that section, and the presumption that they did so intend is strongly aided by the general language used. Indeed it could hardly have been more comprehensive and inclusive, unless it was designed to be technical and restrictive. The object sought to be accomplished was the preservation of existing remedies and rights of action, and considering that salutary purpose we think a liberal construction should be given to the words. Besides, the claim of the plaintiff in error that if the appeal is not an action there is no rule requiring it to abate on the death of the appellant or interfering with the right of the executor or administrator to enter, unless it arises in analogy to the common law rule in relation to personal actions, and that if analogy subjects such an appeal to the same disabilities as actions at common law it ought also to deliver it from such disability when actions are so delivered by statute, is not without reason and force.

This section has been in existence since 1753, and is of great practical importance, and it is worthy of note that it has never received a judicial interpretation by this court. No case has been cited from our reports, and it is believed that none exists, in which the precise question now involved

has been determined. In *Perry* v. *Perry*, 1 Root, 203, tried in the Superior Court in 1790, and reported from that court, it was held that the executor could not enter, but the reason given was not inconsistent with the claims of the plaintiff in error here. That was an appeal from an order of distribu-tion of the real estate of a deceased intestate by the executor of the appellant, who died after the appeal was taken and before it was determined, and the plea in abatement was held sufficient "because the appeal was conversant about real estate to which the executor had no right unless in case of the insolvency of the personal estate." If any inference is to be drawn from the reason assigned for the decision of the court it would seem to favor the claim of the plaintiff in error, for it is reasonable to suppose that the opinion of the court would not have been expressed in that language if they intended to hold that an appeal from probate was not an action, and that therefore the executor of the appellant was barred of entry.

In *Gray* v. *Webb*, 2 Root, 257, the Superior Court decided that a petition for foreclosure was abated by the death of the petitioner. No reasons are given for the decision, and there is nothing in the report of the case which shows the claims made by counsel or considered by the court. It may have been adjudged that a bill in chancery was not an action within the meaning of our statute, but whether so or other-wise does not distinctly appear; and a case decided by the Superior Court, and thus defectively reported, is certainly not a precedent deserving much consideration in this court upon the particular issue which is pending; though, for the purposes of this question, little distinction can on principle be made between a bill in chancery and an appeal from probate.

It is said by the defendants in error that in section 126 of chapter 9, of the title of the statutes before cited, the legisla-ture have in terms made a distinction between actions and appeals from probate, and that thereby a practical construc-tion favorable to their claim has been established. It is true they are separately mentioned for the purpose of describing the classes of cases in which issues on matters of fact are

joined and which may be tried to a jury, but as all appeals from probate are not of that character it was necessary to enumerate only those which were designed to be included, and proper to speak of them separately, but they are mentioned for a very different purpose from that expressed in section 95, and we .think no conclusive inference, or one which should outweigh the reason for a liberal construction of the last named section, ought to be drawn from it.

We are also referred by the defendants in error to the case of *Woodward* v. *Skolfield*, 4 Mass., 375, which arose under a statute passed in 1783, said to be similar in terms to our own, with respect to the survival of causes of action on the death of a party and to the right of the administrator to enter, in which it was held that a petition for a review was abated by the death of the petitioner pending the petition. The original action was assumpsit, a personal action, and a purely common law remedy. The opinion discloses no reasons, and cites no authority, and the case presents no claims of counsel in the argument, and the report of it is in all respects as meager as that of *Gray* v. *Webb* before referred to.

We have not had the statutes of Massachusetts before us and may not fully comprehend the precise character of the proceeding referred to, but understand the petition spoken of to be preliminary to a writ of review in which stay of execution might be ordered, and that the latter process was in the nature of a writ of error, on the trial of which the merits of the original cause were open to complete and final adjudication. If we are correct in this, we differ from that very respectable and learned court, whose decisions are always and justly regarded with great deference, upon the propriety of making a distinction so technical as to hold that the action terminated with the judgment in the court below, and that. the subsequent proceedings for a review of the judgment were so foreign to the original cause as not substantially to form a continuation and part of the action.

In disposing of this question we are inclined to so far disregard the technicalities and analogies of the common law as to place a liberal construction on the statute, and consider

appeals from probate as within the fair intendment of it, and within the legitimate scope of the object which the legislature had in view. When we properly regard that object, we see no good reason for such a discrimination as would confine its operation to proceedings at common law technically known as *actions*, and would apply it to causes pending in the Superior Court by appeals from probate as well as by the regular and usual process of the common law.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.

*Note.*—This case having been submitted on briefs, Judge CARPENTER joined in the decision, though not present at the term.