ROBERT BYRON PALMER *vs.* WILLIAM H. REEVES ET AL., ADMINISTRATORS (ESTATE OF LOUISA T. PALMER).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 1st—decided November 5th, 1935.

*Robert J. Woodruff,* with whom was *Arthur Klein,* and, on the brief, *Thomas R. Robinson,* for the appellant (plaintiff).

*Frank L. McGuire* and *Francis F. McGuire,* for the appellees (defendants).

The appellees filed a plea in abatement in this and a companion case, which was overruled.*

MALTBIE, C. J. This is an appeal from certain orders of the Court of Probate allowing the final

---

* MALTBIE, C. J. These cases are appeals from decrees of a Court of Probate approving distribution of the estate of Louisa T. Palmer and Charles T. Palmer. In the appeals the appellant stated that he was a grandson of the former and a son of the latter and as such an heir at law of their estates, his grievance being that he was omitted in the distributions. The appellees, specially appearing, pleaded in abatement of the appeals, that the appellant was not a grandson of Louisa T. Palmer or a son of Charles T. Palmer. The appellant moved to strike these pleas from the file upon the ground that they were not proper pleadings by which to raise such an issue, but the

account of the estate of Louisa T. Palmer and making distribution of the property comprising it. In the appeal the plaintiff alleged that he is a grandson of the deceased and an heir at law and legatee of her estate and that he was aggrieved by the orders. In the

trial court denied the motion. The appellant then answered the pleas and the issues were tried to the court. On January 17th, 1935, judgments were rendered upon the pleas in favor of the appellees. On January 26th the appellant filed in each case a motion for a new trial and for a reargument and a rehearing, the grounds stated being wholly directed to the same claim of law made in the motion to strike out the pleas in abatement, that is, that those pleas were not proper pleadings by which to raise the issues litigated. On January 28th the appellant filed in each case a motion for an extension of time within which to file a request for a finding and a draft-finding and the trial court extended the time to March 1st. On February 6th the appellant filed in each case a motion to reopen the judgment, based upon the same grounds as the motions previously filed. On March 11th the trial court denied all the motions. On March 19th the appellant filed in each case an appeal and assignment of errors, again raising the same issues upon which the motions were based. The appellees have pleaded in abatement to those appeals to this court upon the ground that they were not taken within the time limited by our rules.

This is of course true, unless the various motions filed subsequent to the judgment had the effect of extending the time within which to appeal. A motion to reopen a judgment, to reargue a case, and the like, may, if it is filed before the time for taking an appeal has expired, have that effect. In *Beard's Appeal,* 64 Conn. 526, 535, 30 Atl. 775, we said: "Where a motion or petition for a rehearing is deemed by the court, to which it is presented, of sufficient importance to be reserved for future argument, and is not disposed of within ten days from the rendition of the original judgment, it would be unreasonable to require the moving party to proceed meanwhile to file a notice of appeal, or an appeal, in ordinary course. An appeal, so filed, would remove the cause into this court, and, unless it should be afterward remanded to the court below, would deprive it of any further jurisdiction as to granting a rehearing." See also *Sanford* v. *Bacon,* 75 Conn. 541, 544, 54 Atl. 204; *Daland's Application,* 81 Conn. 249, 70 Atl. 499; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940; *Galway* v. *Doody Steel Erecting Co.,* 103 Conn. 431, 433, 130 Atl. 705; *Peerless Soda Fountain Service Co.* v. *Savin,* 117 Conn. 1, 2, note, 166 Atl. 386.

Under our practice today, where such a motion is made, it goes

Superior Court the defendants filed a plea to the jurisdiction in which they denied that the plaintiff was a grandson of the deceased and affirmatively stated his alleged true parentage, and further pleaded that he was not aggrieved by the orders referred to in the appeal. The trial court denied a motion to strike out this plea, the plaintiff answered it with a general denial, and the issue of the true parentage of the plaintiff was tried. From a judgment sustaining the plea the plaintiff has appealed, the substantial ground alleged being that the issue whether or not he was a grandson of the deceased and so an heir at law and legatee could not properly be raised upon a plea to the jurisdiction.

Courts of Probate are strictly statutory tribunals exercising only such powers as are conferred upon them by statute and having jurisdiction only when the facts upon the existence of which the Legislature has

into the file of the case and is not brought to the attention of the court until one party or the other claims it for a hearing upon a short calendar. Ordinarily only when such a claim is made is the court called upon to consider the motion. If the prevailing party believes it does not merit serious consideration, it is within his power to bring the matter speedily to the attention of the court and ask that the motion be immediately denied or that it be stricken from the files. Unless this is done, the decision of the motion in regular course sets running the time within which an appeal must be filed. Otherwise the result might be that no opportunity would be afforded the trial court to determine whether the motion merited consideration before it had lost power to pass upon that question by the filing of the appeal. We are not now concerned with the question whether the motions possess merit or whether it was within the power of the trial court to determine them. They did come before it for hearing, and were decided by it. While the filing of the request for an extension of time in which to make a request for a finding and draft-finding may well be taken as indicating a doubt on the part of the appellant whether the motions merited serious consideration, they cannot well be deemed a waiver of his right to appeal. The time to take the appeal began to run when the trial court denied the motions.

The pleas in abatement are overruled.

conditioned their exercise of power exist. *Stiles' Appeal,* 41 Conn. 329, 330; *Coe's Appeal,* 64 Conn. 352, 360, 30 Atl. 140; *Beach's Appeal,* 76 Conn. 118, 122, 55 Atl. 596; *Massey* v. *Foote,* 92 Conn. 25, 26, 101 Atl. 409. Thus, unless the deceased died a resident of the district, the Court of Probate is without jurisdiction to administer his estate; *Whitehead* v. *Roberts,* 86 Conn. 351, 354, 85 Atl. 538; and unless a parent as the natural guardian of a child has first been removed, the Court of Probate is without jurisdiction to appoint another as guardian. *Lewis* v. *Klingberg,* 100 Conn. 201, 123 Atl. 4. The Superior Court in acting upon an appeal from probate is itself acting as a Court of Probate; it has the same powers and is subject to the same limitations. *Mallory's Appeal,* 62 Conn. 218, 223, 25 Atl. 109; *Mack's Appeal,* 71 Conn. 122, 132, 41 Atl. 242; *Wilson* v. *Warner,* 84 Conn. 560, 564, 80 Atl. 718. It is not exercising the judicial powers vested in it by the Constitution but is exercising a special and limited jurisdiction conferred upon it by the statutes. *Slattery* v. *Woodin,* 90 Conn. 48, 51, 96 Atl. 78; *Livingston's Appeal,* 63 Conn. 68, 74, 26 Atl. 470. Unless the conditions which the statutes have designated as essential to the exercise of its powers upon such an appeal are complied with, the Superior Court is without jurisdiction to act upon it. *Orcutt's Appeal,* 61 Conn. 378, 382, 24 Atl. 276; *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 Atl. 731. The cases last cited establish that one of the essentials of a valid appeal is the fact that the appellant is aggrieved by the order appealed from. As the judgment of the court upon an appeal attempted to be taken by one not aggrieved would be void and ineffective, the court may properly refuse to proceed further with the matter when the question of its jurisdiction has been raised, until that

issue is determined.  *Olmstead's Appeal,* 43 Conn. 110, 112; *Gill* v. *Bromley,* 107 Conn. 281, 285, 140 Atl. 721.

In *Olmstead's Appeal,* supra, one reason of appeal assigned was that the deceased died a resident of another probate district than that of the court in which was rendered the decree from which the appeal was taken.  The trial court rejected the evidence offered in support of that reason and this was held to be erroneous.  The majority opinion contains this statement (p. 114): "Common sense indeed teaches that a question so vital as that of jurisdiction should be decided preliminarily to all others.  Accordingly all treatises on pleading direct that pleas to the jurisdiction are to be filed first.  Such, manifestly, is the natural order of pleading, for if any other plea be filed, the jurisdiction of the court is admitted.  If the want of jurisdiction appears on the record, no plea need be interposed.  The court, when the fact is brought to its notice, by motion or otherwise, in any stage of the case, will take proper action, and strike the case from the docket.  If the want of jurisdiction does not appear of record, and the parties appear and go to trial on the merits, it is matter of discretion with the court, whether, on suggestion of facts going to show want of jurisdiction, the trial on the merits shall or shall not be suspended, and evidence shall or shall not be heard."  The court then went on to say: "If the information does not come early, it must not be rejected if it comes late.  Whenever and however it comes, it should be received as the suggestion of an *amicus curiae,* and the proper legal action promptly taken."  CARPENTER, J., in his dissent said (p. 124): "The conclusion, in which we all concur, that the matter pertaining to the jurisdiction of the Court of Probate was not a legitimate and proper reason for the

appeal, should, I think, have been an end of the case. I regard it as a sufficient and complete vindication of the ruling of the court below. That matter was stated as a reason of appeal. There was no attempt to use it in any other way or for any other purpose. There was no plea to the jurisdiction and no motion to erase from the docket. On the contrary the pleadings show, what was true in fact, that the appellant attempted to take advantage of it on the trial of the cause upon its merits. That was irregular, unlawyerlike and improper. . . . There are two ways of removing a case from the docket for want of jurisdiction. 1. By motion, oral or written. 2. By a plea to the jurisdiction. The first is proper only when the want of jurisdiction is apparent on the record. The second must be resorted to in all cases where the matter showing the want of jurisdiction is *dehors* the record. Such is the case before us. Before the question can be raised the facts must be stated in a plea; and when so stated are traversable; and when traversed, or an issue is formed in any other way, then, and not till then, can the court properly proceed to hear the evidence and try the issue." That decision establishes that an appellee is entitled to raise by a plea to the jurisdiction the question of the existence of a condition essential to a valid appeal. It is conclusive of the case before us because proof that the appellant was a grandson of the deceased and as such an heir at law and legatee, was necessary in order to show that he was aggrieved by the orders appealed from and hence that the Superior Court had jurisdiction of the appeal. The issue was properly raised by and tried under the plea to the jurisdiction.

The various motions made by the plaintiff after judgment presented no new or different issue from that arising upon the motion to erase the plea to the

jurisdiction and the court acted rightly in denying them.

There is no error.

In this opinion the other judges concurred.