## SOUTHERN TEXTILE COMPANY, INC.
### vs.
## S. LEVINE

| | | |
|---|---|---|
| Superior Court | New London County (At Norwich) | File #11046 |

Present: Hon. FRANK P. McEVOY, Judge.

A. A. Washton,            Attorney for the Plaintiff.

Joseph H. Thalberg,       Attorney for the Defendant.

## MEMORANDUM FILED MARCH 24, 1936.

McEVOY, J.   The plaintiff is a New Jersey corporation which does no business in Connecticut but owns real estate in Stonington, New London County, Connecticut.

The defendant resides in the City and State of New York and owns machinery which is stored in the premises owned by the plaintiff at Stonington, Connecticut.

The defendant has no agent or manager or representative in Connecticut.

On February 16, 1935 the plaintiff caused a writ and sum- mons to be issued in connection with a complaint in which it was alleged that the defendant was indebted to the plaintiff for rent and storage and damages of $2,000.00 were claimed.

The writ was made returnable to the Superior Court for New London County and, by its mandate, the Sheriff was directed to attach the goods or estate of the defendant in the sum of $2,500.00.

Two days after the writ was issued, on February 18, 1935, a Deputy Sheriff made a return upon the original writ and, in his return, stated that he had attached as the property of the defendant certain machinery and other personal property and that "on the same day I placed tags on each machine and each item of equipment and posted a notice on the outer door"; that afterwards on the 19th day of February, 1935 he filed with the Town Clerk of the Town of Stonington a true and attested copy of the original writ, summons and complaint, with his doings endorsed thereon, and that after- wards, on the same day, February 19, 1935 he made diligent search throughout his precincts for the defendant but could not find him nor could he find any agent or attorney repre- senting the defendant in this State and, therefore, he was

unable to make service upon the defendant.

The writ, summons and complaint was returned, by the Sheriff, to the Superior Court in and for New London County on February 27, 1935.

The cause was duly entered by the Clerk of the Superior Court for New London County, as of the first Tuesday of March, 1935.

Nothing further was done in the premises until April 10, 1935 when an order was issued by the assistant Clerk of the Superior Court that notice of the institution and pendancy of this action be given to the non-resident defendant by "some proper officer or indifferent person depositing in the Post Office at New London . . . a true and attested copy of the complaint, citation and order addressed to the defendant at 1441 Broadway, New York, on or before May 10, 1935."

On April 11, 1935 an indifferent person made a return that he had deposited in the Post Office at New London "a true and attested copy of the complaint, citation and order addressed to S. Levine at 1441 Broadway, New York" and on April 13, 1935 the indifferent person subscribed and made oath to the truth of his return.

A copy of the writ, summons and complaint and order of notice was sent to and received by the defendant on April 12, 1935.

There was no attestation upon the copy received by the defendant.

Thereafter on April 18, 1935 the plaintiff made application to the Superior Court for a continuance of three months of said action and for a further order of notice.

In that motion it was recited that the defendant "has not appeared in the action."

On April 25, 1935 the motion was granted and an order was entered that further service be made upon the defendant "by leaving a true and attested copy of the complaint and of this order of notice with the defendant on or before the 25th day of May, 1935."

No return was made by anyone that the order of notice

made on April 25, 1935, had been complied with.

On May 31, 1935 an appearance "for the special purpose of contesting the jurisdiction of this Court and for the purpose of contesting the attachment in the above entitled matter" was filed with the Clerk of the Superior Court in and for New London County.

Although this special appearance was actually filed on May 31, 1935 it was dated May 20, 1935.

The special appearance was accompanied by two motions which were likewise filed on May 31, 1935 although each motion was **dated** on May 20, 1935.

One of the motions was to dissolve the attachment for alleged insufficient service and return. This motion reads as follows:

"SOUTHERN TEXTILE COMPANY, INC.

vs.

S. LEVINE

Superior Court      New London County      File #11046

May 20, 1935.

"MOTION TO DISSOLVE ATTACHMENT

"The defendant, having specially appeared in the above Entitled action, respectfully represents:

"1.   That the defendant has not been served with a copy of the process in the above entitled action with a return of the officer, making such attachment of property in the action, describing the estate attached.

"2.   That no process was served upon any agent, attorney or person in charge or possession of the estate attached, with a return describing the estate attached.

"3.   That the defendant has not nor has any other person been served, by mail, order of notice or otherwise of a copy of any process in the above entitled action with a return or any other information describing the property attached in the above entitled action.

"Wherefore, your applicant respectfully prays the Court to dissolve the attachment and vacate the same, and for an order in the premises.

"The Defendant
"By Joseph H. Thalberg
"His Attorney, appearing specially."

The other motion was "To Erase for Want of Jurisdiction" and this motion reads as follows:

## "SOUTHERN TEXTILE COMPANY, INC.
### vs.
### S. LEVINE

Superior Court  New London County  File #11046
May 20, 1935.

## "MOTION TO ERASE FOR WANT OF JURISDICTION

"The defendant, having specially appeared to contest the jurisdiction of this Court to entertain this cause, respectfully represents:

"1. That it appears from the officer's return on the writ in the above entitled action that the defendant was not served with any writ in the action; nor was a copy of the process and complaint with a return describing the estate attached left by the officer with the defendant, or his agent or attorney in this state; nor with any person in charge or possession of the estate attached; nor was there any order of notice of the commencement or pendency of this action given to the defendant at least twelve days prior to the first Tuesday of March, 1935, the day upon which said writ was made returnable.

"2. That the defendant has not been served with a true and attested copy of the writ, summons and complaint, by mail, order of notice or otherwise; nor was the defendant served with a copy of such process with a return describing the estate attached.

"3. The Plaintiff is a foreign corporation doing business in this state and has not complied with the provisions of Sections 3488 and 3489 of the Revised Statutes of 1930 requiring it to file a copy of its charter and appointing the Secretary of State its Attorney.

"Wherefore, the defendant moves that this cause be erased from the docket of this court for want of jurisdiction.

"THE DEFENDANT
"By Joseph H. Thalberg
"His Attorney, appearing specially."

In the meantime, on May 24, 1935, actual notice to the defendant was found by the Court; the continuance terminated and judgment of default entered.

Thereafter, on June 19, 1935, the motion to dissolve the attachment and the motion to erase for want of jurisdiction were denied.

Thereafter, on June 24, 1935, motion to (re) open default was duly entered and on June 28, 1935, the motion was granted and the default opened.

Thereafter, on July 3, 1935, the defendant filed an answer and special defenses.

The special defenses included, substantially, the same matter which was later set up in the plea to the jurisdiction.

Thereafter, on October 4, 1935, the plaintiff moved to strike out the second special defense of the defendant's answer and also the third special defense of the defendant's answer.

Thereafter, on November 6, 1935, a memorandum of decision upon the plaintiff's motion to strike out the second and third special defenses of the defendant's answer was filed and in that memorandum of decision the motion was granted but the Court ordered that the defendant file a plea to the jurisdiction so that the matters set up by way of special defense could be heard by the Court upon proper motion and not as part of the answer or as a pleading to the merits and the Court ordered the plea to the jurisdiction to be filed within two weeks from that date.

Thereafter, on November 18, 1935, plea to the jurisdiction was filed.

In the first paragraph of the plea to the jurisdiction it is alleged substantially that the order of notice issued by the Court was not complied with and that no true and attested copy of the complaint and of the order of notice was at any time left with the defendant.

In the second paragraph of the plea to the jurisdiction it is alleged that the attachment was not in accordance with

Section 5718, Revised Statutes of 1930.

In the third paragraph it is alleged that the property alleged to have been attached is not such as to come within the provisions of **Section 5718** and that attachment thereof without removal or actual physical possession is not effective; that the officer did not take physical possession of the attached property and retain the same in his possession; that the officer did not complete service of the alleged attachment in accordance with the provisions of **Section 5718;** that the plaintiff is a foreign corporation doing business in this State and has not complied with the provisions of **Section 3488 and 3489;** and in the seventh paragraph that the plaintiff, not having complied with the provisions of the Statute, cannot maintain or institute an action in this State.

Thereafter various other pleadings were filed and finally, on January 28, 1936, an answer to the plaintiff's plea to the jurisdiction was filed and the pleadings were closed upon this issue.

Taking up the allegations of the plea to the jurisdiction in their reverse order.

As to the allegations contained in paragraphs 6 and 7 of the plea which are, substantially, that the plaintiff is a foreign corporation doing business in this State and as it has not complied with the provisions of **Sections 3488 and 3489 of the Revised Statutes of 1930,** that it therefore cannot maintain or institute an action in this State, it is found that the plaintiff is not doing business in this State and is therefore not obliged to comply with the provisions of **Sections 3488 and 3489.**

**Pennsylvania-Dixie Cement Corporation vs. H. Wales Lines Company, 119 Conn. 603 at 612.**

As to the allegations of paragraph 3 of the plea to the jurisdiction, that the property attached is not such as to come within the provisions of **Section 5718** and that attachment thereof without removal or actual physical possession thereof is not effective—this phase of the matter is decided in favor of the plaintiff and it is found that the property attached was such as to come within the provisions of **Section 5718.**

As to the allegations of paragraphs 1 and 2 of the plea to the jurisdiction, that no true and attested copy of the com-

plaint was at any time left with the defendant, as ordered by the Court in the order of notice, it is found that this is true and that the defendant at no time received nor had served upon him a true and attested copy of the complaint and of the order of notice.

**Section 5714, Revision 1930,** prescribes the definite procedure for attachment against non-residents.

In the ninth line of that section it is prescribed that "if there be no person in charge or possession of the estate attached the Court before which such action is returnable may order such notice of the commencement or pendancy of such action to be given to the defendant therein as the Court may deem reasonable, and such notice, having been given and proved, shall be deemed sufficient service of process in such action, and such action shall thereupon become effective against such estate and the defendant in such action."

In the 12th line of that Section—5714—it is provided that the notice shall be ordered by the **Court.**

Whether the notice was actually ordered by the Court does not appear nor is there any plea to the jurisdiction for that reason.

**Fosdick vs. Roberson, et al. 91 Conn. 571.**

It is specifically alleged that the order of notice dated April 25, 1935, was not complied with in that a true and attested copy of the complaint and of the order of notice was not left with the defendant.

This has been found to be true.

The Statute specifically provides that reasonable notice shall be given by the Court "and such notice, having been given and proved, shall be deemed sufficient service, etc."

Our Supreme Court has repeatedly and consistently held that there must be strict compliance with the provision of the Statute.

"Our Statutes provide a special procedure for the attachment of estate within this State belonging to defendants not residing within the State. This Statute is and was exclusive. Being in derogation of both common right and common law, it is one to be strictly interpreted and pursued. Its provisions

and requirements may not be disregarded with impunity, nor waived or changed by Court."

**Munger, Admr. vs. Doolan, 75 Conn. 656 at 659.**

In the same case, at page 660, our Supreme Court further said:

"The Statute requires that a specified course be pursued, if a man's property is to be taken from him without jurisdiction of his person. It recognizes no equivalents and admits of no evasions. Nothing less than, or different from, that which the Statute prescribes can satisfy its requirements, even though the same substantial ends are accomplished."

"The law requires an attestation of the copy by the officer. Webster defines the word 'attest' as follows: 'To bear witness to; to certify; to affirm to be true or genuine; to make a solemn declaration in words or writing to support a fact; appropriately used for the affirmation of persons in their official capacity, as to attest the truth of a writing, to attest a copy of record.' . . . . It is clear that there was no attestation of the copy, and consequently no such copy as the law requires or recognizes was left with the defendant in the original suit or at his usual place of abode. It follows therefore that no attachment of the property of the defendant was made in that case, for an important part of the attachment was the leaving with the defendant or at his usual place of abode 'a true and attested copy' of the writ. But it is said that the defendant in that case appeared in Court and answered to the proceeding, and that a legal judgment was rendered against him. But that did not attach his property. The attachment was made by the officer, if it was made at all, before the process was returned to court. The defendant could waive the formality of the service of process by appearing in Court and answering to the case, but this no more creates a lien on his property to secure the judgment that might be lawfully rendered, than the acknowledgment of a debt creates a lien on the property of the debtor. The waiver in such case extended no further than to make the judgment valid."

**McGuire vs. Church, 49 Conn. 248 at 249, 250.**

See also **Fosdick vs. Roberson, et al., 91 Conn. 571.**

The Court may properly refuse to proceed with the matter when the question of jurisdiction has been raised, until that issue is determined.

**Palmer vs. Reeves, 120 Conn. 405 at 409.**

The defect in service did not appear upon the record because in the return of the alleged indifferent person made to this Court under date of April 11, 1935 it was recited that the alleged indifferent person deposited in the Post Office at New London, postage prepaid and registered "a true and attested copy of the above mentioned complaint, citation and of the foregoing order addressed to S. Levine, 1441 Broadway, New York City, N. Y."

Upon the hearing of the issues raised by the plea to the jurisdiction the pretended copies which were sent to the defendant were introduced in evidence and it plainly appears that there was no attestation on any of the copies received by the defendant and that no attempt was made to make any attestation.

Although the point is not raised upon the pleadings it should be observed that, although this action was returnable to the Superior Court on the first Tuesday of March, 1935 that no attempt to obtain any order of notice was made until the 10th day of April, 1935. There appears to be no reason or warrant for such delay.

The defendant was entitled to exercise dominion over his property until he was duly prevented from exercising dominion by due process of law.

Upon the pleadings filed in connection with the plea to the jurisdiction the issues are found for the defendant and judgment may enter accordingly.