## DAVID J. McCOY'S APPEAL FROM PROBATE

Superior Court        New Haven County        File #51045

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Morris Straka,                    Attorney for the Appellant.

Ellsworth Foote;
John Collins,                     Attorneys for the Appellees.

**MEMORANDUM FILED MARCH 15, 1937.**

O'SULLIVAN, J.   On July 17th, 1936, the Court of Probate for the District of New Haven approved and allowed as the last will and testament of one John B. Foley an instrument executed on October 27th, 1932.

Two years previously, Foley had executed another will, under which the appellant was named as a co-trustee to carry out a charitable trust set up by the testator.

From the order of the Probate Court, the appellant moved for an appeal alleging that he was an aggrieved party, the appeal was allowed, and the matter came to this Court on the first Tuesday of October, 1936.

The appellees immediately filed pleas to the jurisdiction and in abatement, as well as a motion to erase, the basis for such action being that the plaintiff was not an aggrieved person. These pleas were dismissed and the motion was denied on technical grounds.

Thereafter the appellant filed his reasons of appeal and the appellees now demur not only to these reasons of appeal, but also to the appeal itself.

One ground of demurrer attacks the reasons of appeal, supplemented by a more specific statement, which purports to challenge the validity of the will of 1932 on the theory that the three attesting witnesses failed to acknowledge before

proper authority the fact that they had attested the execution of the will

No rule of law requires such action by witnesses to a will and the demurrer addressed to this reason of the appeal is sustained.

The real purpose of the demurrer, however, is to raise two questions: (a) Should it be sustained because, as stated in its Seventh Paragraph, "there are other trustees than the appellant and such trustees have not joined" in the appeal from the decree of the Probate Court.

These co-trustees who have neglected to unite with the present appellant are proper but not necessary parties. Where this situation prevails, it is not an instance of nonjoinder of parties. It is not essential to the validity of the appeal that all the trustees should join with the present appellant.

(b) Should the demurrer be sustained because, on the record, the appellant is not an aggrieved person?

This presents the preliminary question of the propriety of a demurrer as a proper piece of procedural machinery. The appellees are attempting to raise a jurisdictional question. There are, however, but two ways of removing a case from the docket, for want of jurisdiction: by a motion to erase, and, by a plea to the jurisdiction. The first is proper only when the want of jurisdiction is apparent in the record. The second must be resorted to in all cases where the matter showing the want of jurisdiction is dehors the record. **Palmer vs. Reeves, 120 Conn., 405.** It would appear, therefore, that a demurrer is not the appropriate method to question the status of the appellant.

The uniform practice of this state as traced through the various official opinions appears to justify this position. For example, in **Warden and Vestry of Trinity Church vs. Hall, 22 Conn., 125,** it is stated that "the appellee, in answer to the reasons of appeal, given by the appellants, avers, that the appellants had not, and have not, any interest in the estate in settlement and therefore have no right to prosecute this appeal. It is manifest that this constitutes no valid answer to the reasons, although it might have been, in itself, a good cause for setting aside the appeal, under a proper motion or application made in

due season." The opinion continues to the effect that the appellee was endeavoring to raise by an answer something in the nature of a plea in abatement, denying the capacity of the appellants to take and prosecute the appeal. This, continued the Court, was a preliminary objection, and should have been made and disposed of before the sufficiency of the reasons of appeal was heard and decided. See, also, **Deming's Appeal, 34 Conn. 201; Campbell's Appeal, 64 Conn., 277; Palmer vs. Reeves, supra.**

Accordingly, the demurrer is overruled on all grounds save the one above indicated.