## A. M. DILKES' APPEAL FROM PROBATE
### (Estate of Josephine B. Dilkes)

Superior Court        New Haven County        File #51895

Present: Hon. ARTHUR F. ELLS, Judge.

Dennis T. O'Brien, Jr.          Attorney for the Appellant.

Arthur Klein,          Attorney for the Appellee.

MEMORANDUM FILED MAY 20, 1937.

ELLS, J. The will of Josephine B. Dilkes was admitted to probate, and her husband appealed to this court, assigning as his reason testamentary incapacity and undue influence.

The executor has filed a motion to dismiss for want of jurisdiction and must be filed within the time provided in **Sections 83 and 86 of the Practice Book;** that it was not filed within this period, and that therefore it is too late, and was made after a general appearance was entered.

The husband then moved to strike out the motion, to dismiss from the files, assigning various reasons, the substance being that the grounds stated in the motion to dismiss are not apparent on the record, that therefore it is a plea to the jurisdiction and must be filed within the time provided in **Sections 83 and 86 of the Practice Book;** that it was not filed within this period, and that therefore it is too late, and was made after a general appearance was entered.

Both sides claim **Palmer vs. Reeves, 120 Conn., 405,** is decisive.

**General Statutes, Sec. 5156,** provides that a husband or wife who has abandoned the other, without sufficient cause, and has continued such abandonment to the time of the other's death, shall not be entitled to their statutory share. This issue, having been definitely and specifically raised in the case, must be decided some time, and quite obviously should be settled at the earliest opportunity. "As the judgment of the court upon an appeal attempted to be taken by one not

aggrieved would be void and ineffective, the court may properly refuse to proceed further with the matter when the question of its jurisdiction has been raised, until that issue is determined." **Palmer vs. Reeves, Ibid.** "Common sense indeed teaches that a question so vital as that of jurisdiction should be decided preliminarily to all others. The court when the fact is brought to its notice, on motion or otherwise, **in any stage of the case,** will take proper action, and strike the case from the docket. If the information does not come early, it must not be rejected if it comes late." **Olmstead's Appeal,** 43 **Conn. 112.**

The motion is denied.