## MAY STOKES' APPEAL FROM PROBATE
### (Estate of Robert Ochsner)

Superior Court          New Haven County          File #51398

Present:   Hon. ERNEST A. INGLIS, Judge.

L. Erwin Jacobs,                    Attorney for the Appellant.

Arthur T. Gorman;
FitzGerald, Foote & FitzGerald;
John V. O'Brien,                    Attorneys for the Appellee.

**MEMORANDUM FILED JUNE 8, 1937.**

INGLIS, J.   This is an appeal from the decree of the Probate Court admitting to probate the will of one Robert Ochsner.   The appeal itself alleges that the appellant "is a beneficiary under said will in the sum of five dollars, said May Stokes being a niece of the said decedent" and "that said May Stokes as such beneficiary is aggrieved by the order of the Court."

The motion to erase is based on the ground that May Stokes "as such beneficiary" is not a person aggrieved within the statute providing for such appeals.

If that contention were correct, it, of course would follow that the appeal would have to be dismissed for lack of jurisdiction.

**Palmer vs. Reeves, 120 Conn. 405.**

If that contention were correct, it, of course, would allow of the will which is a part of the record of the Probate Court sent up on this appeal, which application was signed and sworn to by the maker of this motion, that May Stokes was a niece, an heir at law and next of kin of the decedent. There can be no doubt but that she is such an heir and next of kin. As a matter of fact therefore it is clear that she is a person aggrieved by the decree here appealed from in the sense in which the phrase "person aggrieved" is used in **Section 4990 of the General Statutes, Revision of 1930.**

So far as that **Section 4990** is concerned it makes no difference that she alleges in her appeal that she is aggrieved "as such beneficiary". So far as that section is concerned if as a matter of fact the appellant is actually aggrieved the Superior Court has jurisdiction of the appeal. It is apparent that Mrs. Stokes took this appeal in her individual capacity as distinguished from any representative capacity. Her allegation that she was a beneficiary under the will is surplusage. Her allegation that she was aggrieved "as such beneficiary" is obviously incorrect. Whatever the allegations of the appeal may have been, however, the fact remains that she was an heir at law and next of kin and accordingly was affected adversely by the decree appealed from. That fact being established this Court has jurisdiction of the appeal.

It might be suggested that because the interest of the appellant was not accurately stated in her motion for appeal, the appeal does not comply with **Section 4994 of the General Statutes, Revision of 1930.** If that were so it would be ground for a plea in abatement rather than for a motion to erase for want of jurisdiction. As a matter of fact, however, there has not been a failure to comply with that statute. The statute provides that such interest shall be stated "unless such interest shall appear on the fact of the proceedings and records of such court of probate". And as has been already noticed, the interest of this appellant as heir at law and next of kin

probate, which is a part of the records of the probate court. does appear on the application for admission of the will to

For the foregoing reasons, the motion to erase the case from the docket is denied.