## VERONICA FAGAN
*vs.*
## CITY OF BRIDGEPORT

Superior Court Fairfield County File No. 28876

## MEMORANDUM FILED JUNE 26, 1944.

*Samuel Reich,* of Bridgeport, for the Plaintiff.

*Harry Schwartz,* of Bridgeport, for the City of Bridgeport.

KING, J. This action for damages for injuries and losses claimed to have been sustained as a result of the plaintiff's fall on a defective sidewalk on Wood Avenue, in Bridgeport, on March 21, 1928, was brought by writ and complaint dated September 20, 1928, and made returnable to the Superior Court for Fairfield County on the first Tuesday of October, 1928.

It was discontinued by order of court on or about June 9, 1933. No question is raised as to the validity of the order of discontinuance.

Thereafter, on February 5, 1934, new counsel appeared for the plaintiff and a stipulation was filed "that the.... (case) may be restored to the docket without prejudice to either party." No action on the part of the court was requested or had, so that if there was any restoration to the docket it must have come about without any court action.

The case lay dormant for something over four years, and on May 5, 1938, the plaintiff filed a motion for a default for failure to plead. Whether this was ever claimed for the short calendar does not appear. At any rate no action was ever taken on the motion, nor was any pleading filed on the part of the defendant.

Five more years elapsed before any further action took place, when, on May 11, 1943, new counsel entered for the plaintiff.

Subsequently, on February 21, 1944, the defendant filed a motion to strike and erase from the docket. This motion was filed by the defendant's attorney without qualification. The

defendant, on March 3, 1944, filed a special appearance for the purpose of "filing (sic) motion to strike and erase from docket." It will be noted that the motion had been filed some twelve days before, so that it is difficult to understand the intended scope or purport of the special appearance.

Parenthetically it may be noted that the defendant originally appeared by its then corporation counsel (city attorney) on October 3, 1928. The first written appearance filed by the present counsel for the defendant was the so-called special appearance of March 3, 1944, but he (presumably as the successor of the original corporation counsel) had signed on January 4, 1934, on behalf of the defendant, the foregoing stipulation regarding the restoration of the case to the docket.

The motion to erase was denied by Judge Comley, April 1, 1944, the denial being accompanied by a very helpful memorandum of decision.

On April 4, 1944, the plaintiff moved for a default ("judgment") for failure to plead, but it does not appear that this motion was ever claimed for the short calendar, or was otherwise acted upon. It therefore did not preclude the filing and the subsequent consideration of the plea to the jurisdiction under the situation here obtaining. *Palmer vs. Reeves,* 120 Conn. 405, 410; *Foley vs. Douglas & Bro., Inc.,* 121 id. 377, 379.

Subsequently, on April 13, 1944, the defendant (this time appearing specially) filed a plea to the jurisdiction setting forth certain facts and also certain claims or conclusions of law. No issue of law or fact was joined as required by section 85, page 41, of the Practice Book (1934). It follows that all traversable allegations of fact are admitted. Practice Book (1934) §103, p. 46; *Palmer vs. Reeves, supra,* p. 411.

The plaintiff has made reference to section 2 of number 466 of the Special Acts of 1935, approved June 21, 1935, and of this the court will take judicial knowledge (*Vickery vs. New London Northern R. Co.,* 87 Conn. 634, 638) to the same extent as it would of a section of the General Statutes.

However, if it is claimed that this special act was effective, in and of itself, to restore the case to the docket, the claim should be raised by a proper pleading addressed to the plea to the jurisdiction. Then if it is claimed that such operation

of the statute would be unconstitutional, that issue can be properly raised. *Sanger vs. Bridgeport,* 124 Conn. 183, 188ff. In other words, the doctrine of judicial notice does not obviate the necessity for the proper framing of issues, whether of fact or of law.

As the pleadings stand now, the allegations are admitted that the case was discontinued and stricken from the docket, by a final judgment in June, 1933; that no motion to restore to the docket has been filed; and that the final judgment of discontinuance has never been vacated, opened or modified.

If the plaintiff, as would appear from its brief, claims that the case is now on the docket, whether because of the stipulation that the case might be restored, the special act, or for any other reason, it must make its claims in an orderly fashion.

On the basis of the foregoing implied admission of its factual allegations, the plea to the jurisdiction must be, and is, sustained.