## WILLIAM R. HURLEY
*vs.*
## ESTATE OF FANNIE E. HURLEY
(Appeal from Probate)

Superior Court      Fairfield County      File No. 67295

MEMORANDUM FILED JULY 14, 1944.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Friedman and Friedman,* of Bridgeport, for the Defendant.

KING, J. The appellant, on July 15, 1943, took an appeal from a decree of the Probate Court for the District of Bridge-port described in the motion for appeal as a decree "allowing the account of William E. Allen, Trustee of said estate."

In paragraph 1 of the same motion, he alleged that he was "an heir at law of said deceased and a life tenant under the will of said deceased."

The appeal was allowed on the following day, July 16, 1943, and made returnable to the Superior Court for Fairfield County on the first Tuesday of September, 1943.

On May 15, 1944, reasons of appeal were filed, the gist of which was that (1) the trustee failed to account for $3,500 received from mortgaging certain real estate under authority of the probate court; (2) an item of $347.50 for a real estate agent's commission should not have been allowed since the premises involved were sold at auction by another party; and (3) the compensation of $1,250 allowed the trustee was unreasonable and excessive.

The appellees, on June 19, 1944, filed a "Plea in Abatement and Motion to Erase from Docket" substantially on the grounds that (1) it does not appear that the appellant is a person aggrieved; (2) it does appear that the appellant is not a person aggrieved; and (3) that there was no right of appeal by this appellant from this order.

On June 28, 1944, the appellant filed an "Answer to Defendant's Plea in Abatement", generally denying the matters therein contained.

At the hearing the appellee's attorney made quite an extended statement of facts, but since none of these were admitted by the appellant's counsel, they must be disregarded since they could not legally form the basis of any finding of fact by the court. *Crane vs. Loomis,* 128 Conn. 697, 699.

In addition to this statement of facts, the following documents, with the express consent of counsel for the appellant, were submitted for the court's consideration in passing upon the pending plea and motion, viz., (1) certified copy of will of decedent dated July 13, 1934, (2) certificate of devise to Frances McLaughlin, filed in the probate court February 25, 1941, and (3) trustee's account accepted June 17, 1943.

Under our law, in an appeal from a decree of a court of probate, the appellant must be a person aggrieved. Gen. Stat. (1930) §4990; *Palmer vs. Reeves,* 120 Conn. 405, 409. Generally speaking, one cannot be "aggrieved" by a decree of a court of probate unless a direct pecuniary interest of his has been adversely affected by that particular decree. *Hartford National Bank & Trust Co. vs. Malcom-Smith,* 129 Conn. 67, 69. The interest of the appellant must be stated in the motion

for appeal unless it appears on the face of the proceedings and records of the court of probate. Gen. Stat. (1930) §4994; *Canty's Appeal,* 112 Conn. 457, 459. A defective statement of the facts showing interest makes the appeal voidable, not void, and is properly reached by a timely plea in abatement. *Fuller vs. Marvin,* 107 Conn. 354, 357. On the other hand, if in fact the party appealing is not aggrieved, then the appeal is void for lack of jurisdiction, and this may be taken advantage of at any time; the proper pleading being a motion to erase or a plea to the jurisdiction, depending upon whether the facts showing a lack of jurisdiction appear on the face of the record or require evidence *dehors* the record. *Palmer vs. Reeves, supra,* p. 411.

The written motion for the appeal states that the appellant "is an heir at law of said deceased and a life tenant under the will of said deceased." This is not the ordinary appeal from the admission of a will to probate where the fact that one is an heir at law might perhaps suffice to show that he is aggrieved by a decree admitting a will to probate. *Taylor vs. Gillettee,* 52 Conn. 216, 217. An heir at law, as such, obviously could have no interest in the conduct of a trust unless some part of the estate was intestate.

While the allegation that the appellant was a life tenant under the will of the deceased would not on its face necessarily indicate any concern with the management of a trust created by a will unless that trust involved his particular life estate, yet such might be the case, and, if so, it would constitute a statement of interest.

The reasons of appeal cannot be considered, since they are papers in the superior court, whereas the statute (Gen. Stat. [1930] §4994) requires that the interest be stated in the motion for appeal unless it appears on the face of the proceedings and records of the court of probate. *Canty's Appeal, supra,* p. 458; *Averill vs. Lewis,* 106 Conn. 582, 589.

In this case neither the motion for appeal nor the records of the court of probate hereinbefore mentioned show on their face that the appellant had no interest. Therefore no motion to erase will lie.

The plea in abatement, as a dilatory plea, must allege not only that the interest of the appellant does not appear in the motion for appeal but also that it does not appear on the

face of the proceedings and records of the court of probate. *Canty's Appeal, supra,* p. 458. No such allegation appears, the plea seemingly having been patterned upon that used in the earlier case of *Averill vs. Lewis, supra,* p. 585. It follows that it cannot be sustained. It may be noted in passing that each of the three allegations of the plea, including the last, was a conclusion of law, not a statement of fact, and, so, was not properly traversable. *Ibid.*

For the foregoing reasons the plea cannot be sustained either as a motion to erase or as a plea in abatement.

It is hardly necessary to point out that if in fact the appellant has no interest, that is a jurisdictional defect which may be taken advantage of at any time upon the filing of a proper plea to the jurisdiction, on which issue of fact or law may be joined. *Palmer vs. Reeves, supra,* p. 411.

The plea in abatement and motion to erase are overruled, denied and dismissed, *in toto.*