[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ORDER GRANTING APPLICATION TO APPOINT AN ARBITRATOR AND TO COMPEL ARBITRATION AND PLAINTIFF'S MOTION FOR ORDER PENDENTE LITE CT Page 11733
This is a petition by plaintiff Nancy P. Spicer, executrix of the estate of John M. Spicer, for the court to appoint an arbitrator and to issue an order directing the plaintiff and defendant William C. Spicer, III to proceed to arbitration to settle a dispute arising from a transaction between the defendant and John M. Spicer (the "decedent"). The plaintiff has filed a motion for order granting application to appoint an arbitrator and to compel arbitration and a motion for order pendente lite to secure the estate's claim against the defendant.
The defendant and the decedent, his brother, operated various businesses in Groton and Noank, Connecticut, through a partnership and a corporation. On November 30, 1983, the defendant and the decedent executed a buy/sell agreement (the "agreement") detailing provisions for the transfer of the assets of their partnership and corporation in the event of the death or disability of either party. The agreement also included provisions covering the sale of interests of the parties in the partnership and corporation during their lifetimes. The agreement included the following arbitration clause:
 In the event there is any disagreement between the the Owners hereto as to the value of the businesses, or in any other matter connected with this Agreement, it shall be settled by arbitration.
On January 12, 1990, the defendant and the decedent executed a memo of understanding (the "memorandum"), effective January 1, 1990. An exhibit to the memorandum stated that the transaction arose because "(r)elations between John M. Spicer and William C. Spicer 3rd have changed to a point detrimental to the continued operation and survival of their businesses." In the memorandum the defendant agreed to purchase, and the decedent agreed to sell, the decedent's interest in the partnership and corporation. The memorandum set forth the terms of the sale, including the sale price, the interest rate, payment schedule CT Page 11734 and post-sale insurance provisions.
After the execution of the memorandum, the decedent withdrew from the management of the partnership and corporation and the defendant commenced making payments scheduled in accordance with the memorandum. The decedent died on April 30, 1991. Shortly thereafter, the defendant stopped making payments to the estate.
On June 24, 1992, the plaintiff, the widow of the decedent and the executrix of his estate, filed a petition for an order to appoint an arbitrator and for an order to proceed to arbitration pursuant to General Statutes 52-411
and General Statutes 52-410, respectively. On August 6, 1992, the plaintiff filed a motion for an order pendente lite requesting the court to:
 1) compel the defendant to disclose assets/and or property in which he has an interest or debts owing to him sufficient to satisfy a judgment in the amount of $4,400,000.00 plus interest;
 2) restrain and enjoin the defendant from transferring, disposing of or concealing these assets and/or property;
3) attach these assets and/or property;
 4) compel the defendant to make contractual payments to the plaintiff sufficient to satisfy the widow's allowance approved by the Probate Court;
 5) order a constructive trust upon any insurance proceeds described in the agreement; and
 6) grant such further relief as the court deems just.
In support of the petition for arbitration and application for an order pendente lite, the plaintiff argues for a broad interpretation of the agreement's arbitration clause to include arbitration of the terms of the memorandum. CT Page 11735 The plaintiff further argues that since the agreement is arbitrable, General Statutes 52-422 allows the court to adopt whatever measures it deems necessary to protect the plaintiff's interests in the arbitration award, including the remedies requested in the motion for an order pendente lite.
The defendant argues that in an arbitration proceeding the court lacks the authority to grant prejudgment remedies such as those requested by the plaintiff. The defendant further argues that the arbitration provision in the agreement does not encompass the dispute over the memorandum, or, in the alternative, that the memorandum supersedes the agreement.
I. Novation.
Novation may be broadly defined as the substitution of a new contract or obligation for an old one which is thereby extinguished. 15 Williston, Contracts (3d Ed. Jaeger) 1865.
 As a general rule, when the new contract is in regard to the same matter and has the same scope as the earlier contract and tile terms of the two are inconsistent, either in whole or in a substantial part, so that they cannot subsist together, the new contract abrogates the earlier one in toto and takes its place, even though there is no express agreement that the new contract shall have that effect.
Riverside Coal Co. v. American Coal Co., 107 Conn. 40, 47
(1927).
The memorandum does not contain terms that are either wholly or substantially inconsistent with the agreement, but merely provides the details for one of the contingencies contemplated in the agreement namely, an inter vivos transfer of one partner's assets to the other partner. Therefore, the court finds that the memorandum does not supercede the agreement
II. Arbitrability. CT Page 11736
The answer to the question of whether or not the court shall direct a party to proceed with arbitration is embodied in the contract between the parties. Security Insurance Co. of Hartford v. DeLaurentis, 202 Conn. 178, 183
(1987).
In Board of Education v. Frey, 174 Conn. 575,
580-81 (1978), the Supreme Court stated:
 This court has long followed the rule that the arbitrability of a dispute is a legal question for the court unless the parties have clearly agreed to submit that question to arbitration. The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as "all questions in dispute and all claims arising out of" the contract or "any dispute that cannot be adjudicated".
As noted above, the agreement in the present case states:
 In the event there is any disagreement between the Owners hereto as to the value of the businesses, or in any — other matter connected with this Agreement, it shall be settled by arbitration.
The court finds that, under the broad language of this clause, whether a dispute as to any matter connected with the agreement is arbitrable is itself a question for the arbitrator to decide.
Further, since the agreement specifically provides certain terms covering inter vivos transfer between the parties of the assets of the joint businesses and the memorandum sets forth the terms of an inter vivos transfer between the partners of one partner's assets in the joint CT Page 11737 businesses, the memorandum is a matter connected to the agreement and the court orders that any disagreement as to the memorandum be submitted to arbitration.
III. Pendente Lite Order.
General Statutes 52-422 provides that:
 At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed.
There has been no appellate-court decision in Connecticut on the issue of whether Section 52-422 authorizes the court to grant a prejudgment remedy to protect the rights of parties in an arbitration proceeding.
The provisions of Section 52-422 "manifest the expressed intention of the legislature that the court shall have the necessary power to effectuate the jurisdiction specifically conferred by the act." Dewart v. Northeastern Gas Transmission Co., 140 Conn. 446, 450-51 (1953).
In Twin Manufacturing Co. v. Twin Manufacturing, Inc., 3 CSCR 410, 411 (June 8, 1988, Hammer, J.), the court denied a motion to dismiss an action for breach of a purchase agreement between the parties and seeking a prejudgment remedy where the agreement provided for arbitration and the plaintiff had initiated a demand for arbitration, and stated:
 Provisional judicial remedies, however, by way of injunctive relief or otherwise, CT Page 11738 which are not inconsistent with the submission, will be afforded to a party to the arbitration who seeks it in order to protect his interests so long as the court's action does not interfere with or delay the arbitration process.
The court in Twin Manufacturing Co. cited the case of Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Company of New York, Inc., 749 F.2d 124, 125 (2d Cir. 1984), in which the Second Circuit in affirming the power of a district court to grant injunctive relief relating to the subject of a pending arbitration proceeding stated:
 The fact that a dispute is to be arbitrated, however, does not absolve the court of its obligation to consider the merits of the requested preliminary injunction; . . .
In Albatross S. S. Co. v. Manning Bros., 95 F.
Supp. 459, 463 (S.D.N.Y. 1951), the court stated:
 The Courts are not limited in their equity powers to the specific function of enforcing arbitration agreements but may exercise those powers required to preserve the status quo of the subject matter in controversy pending the enforcement of the arbitration provision.
A party may obtain injunctive relief pending arbitration because the "power of the courts to `enforce' an arbitration agreement `includes the power to see that the arbitration is not rendered a nullity by reason of arbital and judicial impotence'. . ." McLaughlin, Piven, Vogel, Inc. v. W. J. Nolan Co., Inc., 498 N.Y.S.2d 146, 151 (A.D 2d Dept. 1986).
In arguing against the plaintiff's request for an order pendente lite, the defendant cites Cebulski Construction Co. v. Dorman, 12 Conn. Law Trib. No. 24, p. 33 (Super.Ct., June 23, 1986, Harrigan, J.), for the CT Page 11739 proposition that a party to a pending arbitration cannot obtain a prejudgment remedy regarding the subject of the arbitration. In Cebulski, the plaintiff demanded arbitration pursuant to a contract with the defendant. The plaintiff then applied to the superior court for a prejudgment remedy seeking to attach real estate owned by the defendant and an ex parte order was entered granting the plaintiff's application. In order to come within the provisions of the prejudgment remedies statute, the plaintiff then commenced a lawsuit founded on the contractual dispute. The defendant moved to dismiss the lawsuit because the contract between the parties called for arbitration of the dispute. The court granted the motion to dismiss and stated:
 Here, the parties have elected another tribunal to decide the issues in dispute. The plaintiff cannot graft onto Chapter 909, Conn. Gen. Stat. the provisions of Chapter 903a, Conn. Gen. Stat. which are clearly ancillary to a lawsuit. The plaintiff has contracted away his right to commence a lawsuit and that includes the right to a prejudgment remedy.
Cebulski, however, merely holds that where a party has opted for arbitration, this choice of forum precludes the party from commencing a civil action in order to invoke the prejudgment remedy statutes which are reserved for civil actions and which are not available in arbitration proceedings. Cebulski need not be read to mean that the court lacks the authority to take measures to aid the arbitration process, including measures to preserve the subject matter of the arbitration where, as in the present case, a party has applied to the court for an order to appoint an arbitrator and an order directing the parties to proceed to arbitration.
The court finds that the plain language of General Statutes 52-422 indicates that the statute gives the court discretion in choosing judicial remedies to aid the arbitration process.
IV. Conclusion. CT Page 11740
For the reasons stated above, the court makes the following orders:
 1. The parties shall submit to the court within ten days from the date of this order the name of one person acceptable to both parties as a sole arbitrator in this matter or each party shall submit a list of the names of three persons acceptable to such party as a sole arbitrator.
 2. The parties are to appear before the court on January 19, 1993 at 11:00 a.m. to argue as to the appropriate order pendente lite in this matter.
Hendel, J.