[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Joseph F. Mulvey for plaintiff.
Tyler Cooper Alcorn for defendant.
This is an action to foreclose on Condominium Unit 11-2, 20 North Street, Stamford for failure of the owner, defendant Helen A. Simmons, to pay common charges expenses. The defendant, Dime Savings Bank of New York, FSB, holder of a mortgage on the premises, has filed a motion to dismiss for lack of subject matter jurisdiction. The claim is that the plaintiff is not a valid condominium association and therefore lacks the capacity to bring a foreclosure CT Page 832 action for common charges. The plaintiff has filed an objection to the motion.
The complaint alleges that the plaintiff declared itself to be a condominium association by recording a Declaration of Condominium dated September 23, 1993. It had existed as a cooperative association before that date. Simmons purchased the premises known as Unit Number 11-2, on August 3, 1988. Also on August 3, 1988, the Dime Real Estate Services-Connecticut, Inc., secured an open-end mortgage on the premises from Simmons to secure a loan in the principal amount of $72,000. Dime Real Estate Services-Connecticut assigned the mortgage to Dime Savings Bank of New York, FSB on August 3, 1988. The complaint further alleges that Dime's interest is subordinate in right to the interest of the plaintiff.
Simmons allegedly failed to pay common charges, assessments and late fees due in the sum of $3,713.29 through May 5, 1994, and subsequent monthly payments due thereafter.
Dime's motion to dismiss and its supporting memorandum of law claims that the plaintiff is not a legally cognizable condominium association. Dime claims that the foreclosure action should be dismissed because the plaintiff is unable to avail itself of the statutory subject matter pertaining to condominium associations.
On September 2, 1994, in conjunction with the filing of its objection to the motion to dismiss, the plaintiff moved to substitute party plaintiff pursuant to Practice Book § 101 and General Statutes § 52-109. The basis for the motion was that Essex House, Inc. was the former name of the plaintiff when it was a cooperative association. The plaintiff has since been converted to a condominium association and incorporated under the name Essex House Owners, Inc. The plaintiff had mistakenly used the name Essex House, Inc. in its pleadings.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Ziska v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 142.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . ." (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531, CT Page 833 544, 590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old SayBrook,225 Conn. 177, 185, 621 A.2d 1322 (1993). The court, "in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
Dime contends that the plaintiff's Declaration of Condominium is defective. It claims that the termination of the plaintiff's status as a common interest community did not conform to the requirements of General Statutes § 47-237(b), and that the plaintiff therefore remains a cooperative association and not a condominium association. Dime also claims that the deed purporting to convey the real property from the plaintiff to Simmons was not delivered to Simmons or Dime, nor was a deed ever recorded upon the land records. Dime concludes that the plaintiff therefore has no standing to bring a foreclosure action because it has no statutory basis to collect common expenses from unit owners or enforce the assessments through foreclosure as if it were a valid condominium association.
The plaintiff bases its objection to the motion to dismiss on its filing of a motion to substitute a party plaintiff. Pursuant to Practice Book § 101 and General Statutes § 52-109 the plaintiff has made a motion to substitute a party plaintiff to correct an error in that the name of the corporation, which declared itself a condominium association, is Essex House Owners, Inc. and not Essex House, Inc. as alleged in the complaint. Essex House, Inc. was the name of the former corporation which was dissolved when the plaintiff terminated its status as a cooperative association.
Practice Book § 101 and General Statutes § 52-109, provide:
 When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted as plaintiff.
This mistake in the plaintiff's name does not affect the jurisdiction of the court.
Furthermore, "[t]he fact that a corporate entity has no statutory CT Page 834 right to maintain an action does not constitute lack of jurisdiction of the subject matter in any proper sense." (Internal quotation marks omitted.) Medalist Forming Systems, Inc. v. AdvanceConcrete Forms, Inc., 3 CSCR 412 (April 15, 1988, Hammer, J.) See, Wickes Mfg. Co. v. Currier Electric Co., 25 Conn. App. 751,596 A.2d 1331 (1991).
Dime's claim that the entity Essex House, Inc. does not have standing because it did not follow statutory procedures to become a condominium association does not call into question the subject matter jurisdiction of the court. The complaint alleges facts that demonstrate that the plaintiff has standing to bring the foreclosure action. The complaint details the termination of the cooperative association and the declaration of the condominium association and the recording of these documents on September 23, 1993. Any deficiencies in the declaration of condominium would go to the merits, and not to a challenge of the court's jurisdiction.
The complaint also alleges that the plaintiff deeded by a warranty deed of partition the property known as Unit 11-2 to Simmons. Whether the deed was recorded or justifiably not recorded is a question of the merits and not to be decided in a motion to dismiss. The jurisdiction of the court is sufficiently established in plaintiff's complaint.
Accordingly, Dime's motion to dismiss the plaintiff's complaint is denied.